JAMES AND CHARLES STARLING *v*. STATE OF MISSISSIPPI.

[42 South. Rep., 798.]

CRIMINAL LAW AND PROCEDURE. *Witnesses. Impeachment. Charges of crime. Code* 1892, § 1746. *Code* 1906, § 1923.

Where a defendant in a criminal case is a witness in his own behalf, it is reversible error, objection being properly made, for the trial court to compel him to testify, in answer to the state's enquiries, touching charges of crimes previously made against him; such procedure is not within Code 1892, § 1746, Code 1906, § 1923, providing that any witness may be compelled to testify touching his conviction of any crime.

FROM the circuit court of Wayne county.

HON. WILLIAM H. HARDY, Judge.

James and Charles Starling, appellants, were jointly tried and convicted of an assault and battery, a misdemeanor, and sentenced to pay a fine and be imprisoned in the county jail. From the conviction and sentence they appealed to the supreme court.

The appellant, James Starling, while on the stand as a witness for the defense, was, on his cross-examination, asked by the prosecution whether he had ever before been charged in any court of committing any offense. Over the objection of appellants, he was required to make answer and did so, to the effect that he had been charged with fighting and with unlawfully selling intoxi-

icating liquors, but had never been convicted of any crime. The action of the court in allowing the prosecution to ask the question as above stated and forcing the appellant to answer the same, is assigned for error.

Code 1892, § 1746; Code 1906, § 1923, is as follows:

"Any witness may be examined touching his interests in the cause or his conviction of any crime, and his answers may be contradicted, and his interest or his conviction of a crime established by other evidence, and a witness shall not be excused from answering any question, material and relevant, unless the answer would expose him to criminal prosecution or penalty."

*Green & Green,* for appellants.

This was a close case upon the facts, and it was essential that errors of law detrimental to the appellants should not have intervened. Yet, most palpable error was committed on the trial when, on cross-examination, James Starling, one of the appellants, was asked, and over objection compelled to answer, as follows: "*Q.* Were you ever charged in any court of committing any offense before?" "*A.* Yes, sir." "*Q.* How many times?" "*A.* Twice."

For one to be charged with a crime, without subsequent conviction, cannot be shown in evidence in a trial on another criminal charge. It is not legitimate to impose improper burdens upon a defendant at the bar of justice.

The mere fact that the witness had been arraigned, arrested, charged, or even tried, does not come within any recognized method of impeachment. The charge may have been maliciously made, the trial may have resulted in acquittal, the arrest may have been wrongful.

Under Code 1892, § 1746; Code 1906, § 1923, it is permissible to examine a witness only concerning "his conviction" of any crime. No right is given to inquire in regard to charges that may have been made against him.

*R. V. Fletcher,* assistant attorney-general, for appellee.

On the trial the prosecution was erroneously permitted, over appellants' objection, to interrogate James Starling, while on the witness stand, in regard to his having been charged with certain misdemeanors. While this was error, yet the witness was permitted to explain that he had never been convicted. In view of this explanation, the fact that defendant had been charged could not have weighed heavily with the jury.

CALHOON, J., delivered the opinion of the court.

James Starling and Charles Starling were jointly indicted and jointly tried. James was put on the stand as a witness "for the defense;" that is, for both. It was manifest error to permit him to be asked whether he was "ever charged in any county of committing any offense before." This question was objected to, the objection overruled, and exception taken; and it elicited an affirmative answer, that he had been twice charged—once with fighting, and once with unlawfully selling intoxicating liquors—but had not been convicted. 2 Wigmore on Evidence, sec. 982, cl. 3 (bottom of page 410). The statute under which this trial was had (Ann. Code 1892, § 1746, same as Code 1906, § 1923) narrows the rule of exclusion to the extent of allowing examination only as to convictions. As an appellate court we cannot say what effect was had upon the jury by this incompetent testimony elicited from an exculpatory witness.

*Reversed and remanded.*