Sam McClelland v. State.

[54 South. 251.]

1. CRIMINAL LAW. *Code* 1906, *section* 1923. *Witnesses.* *Interest.*

Under Code 1906, § 1923, authorizing the examination of any witness touching his interest, etc., where a husband and wife are introduced as witnesses for accused, the state may prove, to show the interest of the witnesses, that the husband had been jointly charged before the committing magistrate with the crime for which the accused is being tried and had been discharged.

2. SAME.

That clause of Code 1906, § 1923, providing that a witness may be examined touching his interest, etc., is simply declaratory of the common law.

3. HARMLESS ERROR. *Evidence.*

Where an undisputed fact had already been proven by a competent witness, the fact that an incompetent witness testifies to the same fact is harmless error.

APPEAL from the circuit court of Lincoln county.
HON. D. M. MILLER, Judge.

Sam McClelland was convicted of robbery in the lower court and appeals.

*J. S. Noble & Luther L. Tyler,* for appellant.

The learned assistant attorney-general is in error in stating that there is only one assignment by the appellant here. It will be noted that the action of the court in permitting the district attorney to interrogate Mrs. Dunn as to whether her husband was jointly charged with the defendant in the justice court with the commission of the crime, is assigned as error, as well as that the state was permitted to show by the witness Dunn himself that he was charged with the defendant in the justice court.

Under no theory of the law, as we understand it, could it have been proper to thus embarrass the testimony of this material witness for the defense by showing that her·husband was charged, or convicted for that matter, with the crime for which the appellant was being tried. There was no indictment of the witness' husband jointly with the defendant for the commission of the crime. As a matter of fact, the husband was discharged by the magistrate before whom the case was tried.

The indictment in the record shows that Dunn was not "indicted jointly" with the defendant, and as heretofore stated, as a matter of fact, not appearing in this record, however, he was never indicted. The question propounded by the district attorney, and to which objection was made, pertained to a charge against the husband of one witness, and against another witness for the defense.

How it can be argued that such interrogatories were proper to show the interest of the witness is not made clear, nor can we comprehend.

As is said in 2d Wig. 982, cited with authority by Judge Calhoun in the *Starling case,* 89 Miss. 329:

"An arrest is nothing more than an accusation of crime or other act of turpitude. That it was made in the form of a forcible restraint of the person, based upon a sworn complaint, makes it, for purposes of disgrace or discredit, no stronger evidence of the truth of the accusation than an oral statement by the accuser would be. "No one would contend that a witness could be asked whether another person had not orally accused him of crime. Why should the rule be different when the accusation has been written out and sworn to? It is but an accusation in each case. Why should it be different when the sworn accusation is followed by an arrest? The arrest is but a reassertion of the accusation in another form. It is quite different, however, when the accusation has been proven. When the proceeding has

passed from accusation to conviction, evidence of the turpitude of the witness exists, not what somebody said of him, but what the judicial tribunals sitting in judgment upon the accusation have found against him."

*Jas. R. McDowell,* assistant attorney-general, for appellee.

There is only one error assigned, which is the action of the court in permitting the district attorney to ask defendant's witness, Dunn, if he was not also charged jointly with this defendant of the commision of this crime. This was an eminently proper question.

The Starling case cited by appellant does not touch the case at bar. The distinction is readily observed. In the Starling case, the defendant was asked while on the stand if he had ever been charged with any other crime, and the court held that conviction of another crime only could be shown. In the instant case, the question is asked of the witness, "Are you not charged jointly with defendant of the commission of this same crime?"

The Starling case, therefore, has no application, as the court will readily observe. Here the district attorney had a right to ask this witness this question to show the motive of the witness and the jury had a right to show that this witness was also charged with this same offense about which he was testifying, so that in determining the credibility of this witness, the jury might consider his interest in the result or the motive he had for testifying as he did. Surely, it cannot be the law that one cannot be asked the question on the witness stand if he is not jointly indicted with the defendant of the crime then being investigated.

Anderson, J., delivered the opinion of the court.

The appellant, McClelland, was convicted or robbery, and appeals to this court.

On the trial, Louis Dunn and his wife testified on be-
half of the appellant. On their cross-examination the
state, over the objection of appellant's attorney, was
permitted to prove that the husband, Louis Dunn, had
been jointly charged with appellant, before the commit-
ting court, with the crime for which appellant was being
tried. They further testified that he was discharged by
the justice of the peace. This action of the court, on
the authority of *Starling* v. *State,* 89 Miss. 328, 42 South.
798, is assigned as error. In that case Starling, while
testifying in his own behalf, on cross-examination, was
required by the court to answer the question whether he
had ever been charged in a court with any offense, to
which he responded that he had ᵛbeen charged with
"fighting" and the unlawful sale of intoxicating liquors,
but was acquitted. It was held that where a defendant
in a criminal case is a witness in his own behalf, it is
error for the trial court to compel him to testify on
cross-examination touching charges of crime previously
made against him, of which he was acquitted; that such
testimony is not within section 1746, Code 1892 (section
1923, Code 1906), providing that any witness may be
compelled to testify touching his conviction of any crime.
That case is not decisive of the question here. Section
1923, Code 1906 (which is a rescript of section 1746,
Code 1892), provides: "Any witness may be examined
touching his interest in the cause, or his conviction of
any crime, and his answers may be contradicted, and his
interest, or his conviction of a crime, established by other
evidence," etc.

Witnesses Dunn and his wife were not asked whether
the former had been charged with any crime, but whether
he had been charged jointly with the appellant with the
specific crime for which the latter was being tried. The
evident purpose of the inquiry was to show the interest
of these witnesses in the result of the trial—their credi-
bility. To illustrate: Even though discharged by the

justice of the peace, Dunn may have feared further prosecution, if the appellant was convicted, and so he and his wife may have been deeply interested in securing his acquittal. On the other hand, the facts may have been such that they desired his conviction, believing that result would end the matter so far as concerned the husband; or the facts may have been such that, notwithstanding the former charge against the husband, they had no interest whatever in the result of the trial.

The weight to be given such testimony is for the jury. It may have much, little, or none, according to the evidence of each case. By the express language of the statute a witness ''may be examined touching his interest in the cause.'' This clause of the statute is merely declaratory of the common law. It is a broad field of inquiry. The testimony in controversy clearly comes within the statute.

Whether it was competent to make this proof by any other testimony than the admission of the witness, except by the record of the committing court, is not presented. Only the relevancy of Mrs. Dunn's testimony is argued, and not its competency. But, conceding its incompetency, it was without harm to appellant, because the fact was not questioned; proof of it having been properly made by the husband.  *Affirmed.*