BRIDGES *v.* STATE.

(Division B. June 3, 1929.)

[122 So. 533. No. 27994.]

490

E. B. *Patterson* and C. E. *Gibson,* both of Monticello, for appellant.

J. A. *Lauderdale,* Assistant Attorney-General, for the state.

GRIFFITH, J., delivered the opinion of the court.

The appellant contends that it was error in the trial court to refuse the following instruction requested by appellant: "The court instructs the jury for the defendant that they shall not find defendant guilty of murder, but if they find defendant guilty at all it must not be for a higher degree of homicide than manslaughter." Of the several eyewitnesses to the tragedy more than one testified distinctly and positively to a state of

facts which made out a clear case of murder. In the face of this testimony, it would have been highly improper to grant the quoted instruction, which, under its plain terms, would have been a peremptory instruction in so far as concerns the charge of murder. No distinct or separate instruction on manslaughter was requested, and we are therefore not called on to express an opinion whether the case was such as to have justified a separate manslaughter instruction as one of the units among those to be given.

The verdict of the jury was in the following form: "We, the jury, find the defendant, Governor Bridges, guilty as charged in the indictment and certify that we are unable to agree as to his punishment and ask the mercy of the court." The court, at the request of the state, had instructed the jury as to the several verdicts they might render, together with the consequences of each, and furnished to the jury the forms for said several verdicts, the second item of said instruction being as follows: "Second. 'We, the jury, find the defendant, Governor Bridges, guilty as charged in the indictment and certify that we are unable to agree as to his punishment,' in which event it will be the duty of the court to sentence the defendant to the state penitentiary for his natural life." Thus, the jury was distinctly informed as to what would be the result of a verdict returned in that language. No request was made to poll the jury, so far as the record shows; but on motion for a new trial, an attempt was made to have four former members of the jury qualify their verdict by their testimony then offered that they did not understand the consequences of the verdict, and would not have voted for that sort of verdict had they known it would carry life imprisonment; that they thought the addition of the words, "and ask the mercy of the court," would enable the court to impose a lesser sentence.

In this state, a party has the right to have the jury polled, and this is a right which, if possible, the court must grant when the request is made before the verdict has been finally delivered, and before the jurors have been discharged from the case and have dispersed. *James* v. *State,* 55 Miss. 57, 30 Am. Rep. 496; *Archer* v. *State,* 140 Miss. at page 610, 105 So. 747; 16 C. J., pp. 1098, 1099. Among other reasons for the allowance of the right to poll is that if there be any informality or obscurity in the verdict, the same may be then and thereby corrected. And that opportunity being thus provided while the verdict is yet *in fieri,* it is not permissible for a party to pretermit the poll and after the jury is dispersed then seek to reach the matter by introducing the jurors as witnesses on a motion for a new trial. It is then too late, for the jurors are no longer jurors in the case but are mere witnesses, as to whom the rule is universal that jurors may not be heard as witnesses to impeach or qualify their verdicts. 16 C. J., pp. 1236 *et seq.; Temple* v. *State,* 105 Miss. 449, 62 So. 429; *Smith* v. *State,* 103 Miss. 356, 60 So. 330; *McGuire* v. *State,* 76 Miss. 504, 25 So. 495. In the state of case before us, the words, ''and ask the mercy of the court,'' must be treated as surplusage. *Smith* v. *State,* 107 Miss. 574, 65 So. 498, and cases therein cited.

The other assignments of error are not argued, and are therefore waived.

*Affirmed.*