DOZIER *v.* STATE

No. 42563          November 25, 1963          157 So. 2d 798

*William V. Murry,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

This is an appeal from a verdict of the Circuit Court of Forrest County, convicting Frank Dozier of manslaughter and sentencing him to ten years in the state penitentiary. The jury verdict was, "We the jury find the defendant guilty of manslaughter and ask for the leniency of the court."

The assignment of error is in reference to the requested instruction for a directed verdict, and too, the contention that the verdict of the jury was contrary to the overwhelming weight of evidence.

The brief of the appellant is very short. As a matter of fact, it is only about four pages. It attempts to state some of the facts, but does not cite any law to substantiate any of the assignments of error.

The state's brief says no argument is made in support of the two alleged errors of the trial court, nor are any authorities cited in support of the alleged errors. For that reason, the state's brief contends, the assignment of error should not be considered by the Court, citing Bridges v. State, 154 Miss. 489, 122 So. 533, and also Johnson v. State, 154 Miss. 512, 122 So. 529.

██ █ Many fine briefs are filed which are of great assistance to the Court in reaching an opinion, and the majority of lawyers are to be complimented. The legal profession is a wonderful profession, and lawyers should represent their clients through final determination of their case in the Supreme Court. A brief is for the assistance of the Court, and the lawyers should go to the fullest extent in their presentations in the brief. The purpose of briefs and arguments is to present to the Court in concise form the points and questions in controversy, and by fair argument on the facts and law of the case, to assist the Court in arriving at a just and proper conclusion, and to notify opposing counsel of the questions to be presented and the authorities relied on

in reference thereto. In other words, the purpose is to aid the appellate court in determining what the law is. 5 Am. Jur. 2d, Appeal and Error, § 684, p. 130.

Rule 7 of the Rules of the Supreme Court, Briefs, section (2) states:

"The contents of briefs are for the determination of counsel, but those briefs are of most assistance to the Court in which there precedes the argument of counsel: first, a concise statement of the case so far as essential to an understanding of the questions presented for determination with specific references to the precise places in the record where the points discussed may be found; and second, a 'brief of the argument,' which should consist of the points or propositions of law, or fact, to be discussed with the citation of authorities relied upon in their support."

We call the lawyers' attention to the able articles as to oral arguments and written briefs in the Supreme Court of Mississippi as follows: Anderson, The Brief on Appeal, 2 Miss. L.J. 263 (Feb. 1930); Roberds, Some Suggestions as to Oral Arguments and Written Briefs in the Supreme Court of Mississippi, 17 Miss. L.J. 115 (Oct. 1945), revised in 29 Miss. L.J. 403 (July 1958).

Judge Griffith applicably summarized the assistance of briefs to the Supreme Court in Johnson v. State, supra, which says:

" 'As far as possible, the reasons assigned should be supported by the citation of authorities or they will not be considered, unless it is clearly apparent that they are well taken.' 3 C.J. p. 1431; 3 Ency. Pl. & Pr. pp. 722, 723; 4 Stand. Ency. Proc. pp 576, 577, 584, 585. 'It is the duty of counsel to make more than an assertion; they should state reasons for their propositions, and cite authorities in their support. . . . It is seldom sufficient to state naked legal propositions, for propostitions are by no means always self-evident, 'Elliott, App. Proc. pp. 375, 376; and when not self-evident the party who

advances them and cites no authority to support them may justly be said to have failed to maintain them.

"It is a strange case upon which, in these days of tens of thousands of law books, no authority can be found, and when none is presented and the proposition is not manifestly well taken, there is the practical presumption that the authorities do not sustain the proposition, else they would have been cited. The courts frequently speak of such unsupported propositions as having been waived because of the failure to properly present them. There are several reasons which make it necessary to give weight to the foregoing considerations, one of which is that no Supreme Court could ever keep up with its docket if the judges were put to the tasks of briefing those cases of which the parties themselves have thought too little to brief."

■■■ Bridges v. State, supra, states that an assignment of error not argued is waived. However, the Court is not dismissing this appeal because of the brief filed. We have gone into the testimony in the case, and after a thorough examination of the evidence we are of the opinion that the case was a question for the jury, that the state made out a case of manslaughter against the defendant, and that the jury was warranted in bringing in a verdict against the defendant. The case is therefore, on the facts, affirmed.

Affirmed.

*McGehee, C. J., and Ethridge, Jones & Brady, JJ.,* concur.