286 So.2d 823 (1973)
Sherman BICKCOM
v.
STATE of Mississippi.
No. 47570.
Supreme Court of Mississippi.
December 10, 1973.
W.C. Trotter, III, Belzoni, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
BROOM, Justice:
The appellant was tried in the Circuit Court of Humphreys County, Mississippi, upon an indictment charging him with the crime of murder. He was found guilty of manslaughter at the trial on February 22, 1973, and received a sentence of twelve years in the Mississippi State Penitentiary. Now he appeals here and we affirm.
Narration of the facts related to the alleged crime is not necessary here since the appeal deals only with issues related to the *824 actions of Deputy Sheriff Dalton which occurred on the date of the trial. Dalton was instructed by the sheriff to bring a school bus to the courthouse for the purpose of taking the jury and bailiffs to a local restaurant for lunch. At the restaurant the jury was led by one bailiff, Mr. Harper, and was followed by another bailiff who was the wife of Mr. Harper. Dalton orally instructed jurors in the presence of the bailiffs as to how they should order their food and departed the restaurant. Later he came back and sat at the bailiffs' table where he ate his own lunch approximately fifteen feet from the area where the jury was eating. Following lunch, Dalton returned to the bus and the jury filed back onto the bus after him. A member of the jury, in a jocular fashion, said something to Dalton to the effect that he should drive carefully since the jurors had just eaten lunch. The jurors were driven back to the courthouse by Dalton who departed.
In this opinion we do not deal with the issue raised by the appellant as to the sufficiency of the evidence to support the jury verdict because the appellant did not argue this issue in his brief and filed no authorities pertaining to this issue. Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963).

I.
Trial was on February 22, 1973, the date on which the action of the deputy sheriff complained of occurred. Four days later, on February 26, 1973, the appellant's attorney filed a motion for a new trial, charging in substance that during the trial Deputy Dalton without court authorization drove the bus and ate in the same room with the jurors contrary to Mississippi Code 1972 Annotated sections 97-9-57 and 11-7-149 (1972). The motion also states that the activity by the deputy sheriff was "highly prejudicial" to the defendant. There is no contention, suggestion, or hint that the deputy sheriff attempted to persuade or influence any juror.
Upon the posture of the case related to the motion for a new trial, the issue raised by the motion is not properly before this Court. The motion was not accompanied by the requisite affidavit of the accused and his attorneys and they did not testify at the hearing of the motion that they were ignorant of the newly discovered facts during the trial. A motion for a new trial based upon facts not known during the course of the trial must be accompanied by the appropriate affidavit of the accused and his attorneys, or else they must testify under oath that they were not aware of the facts during the course of the trial. Brockman v. State, 216 Miss. 314, 62 So.2d 362 (1953); Hilbun v. State, 167 Miss. 725, 148 So. 365 (1933).
Regardless of the failure of the appellant to attach the proper affidavit to his motion and the failure of the appellant and his attorneys to testify under oath, there is no merit to be found in the motion. The motion does not charge any action by Deputy Dalton that would require a new trial to be granted by the trial court or a reversal here. We point out that Deputy Dalton did not testify as a witness in the case on its merits. The record does not show that he even appeared in the courtroom at any time in the course of the trial. In reality the deputy was in the category of a waiter or cashier employed at the restaurant. His function was to assist in the process of making it possible for the jurors to eat. It is clear in the record that he had no part in the trial itself. His only activity was to respond to the sheriff's direction that he drive the members of the jury, together with the two bailiffs, to the restaurant in the school bus.
After the trial and after the appellant's motion was filed, the court conducted a hearing on the motion. At the hearing of the motion, Dalton did testify. It was revealed there that the only conversation occurring between Dalton and the jurors was the remark of one of the jurors as they started to leave the restaurant. The juror said: "Take it easy on the bus, we are full and we don't want to get shook up." Dalton replied that he would do his best.
*825 The appellant argues that the action of Deputy Dalton in driving the bus was in violation of Mississippi Code 1972 Annotated sections 97-9-57, 11-7-149, and 13-5-83 (1972). There is no merit in this contention. There was no separation or dispersal of jurors in this case. Also absent here was any charge of any communication from Deputy Dalton to the jurors or misconduct on his part that would bring the facts complained of here within the purview of any of our cases dealing with jury deliberation, dispersal, separation, et cetera. It is clear in this record that at all times complained of the jurors were in the protective custody of the bailiffs who, absent any evidence to the contrary, must be presumed to have performed their duty to see that the jurors were not exposed to any improper communication or influence. The jurors were not allowed to separate or disperse or discuss the case with anyone. Absent any charge that Dalton made any attempt to influence jurors in their verdict, and absent any charge of any form of specific prejudice, we cannot say that any reversible error was shown to exist in connection with the conduct of Deputy Dalton, the bus driver. We do say that it would have been the better policy for the bus driver to receive in open court detailed instructions from the trial judge in the presence of jurors, bailiffs, counsel, and the appellant.

II.
The next proposition raised is that the trial court erred in overruling objections raised by the appellant to questions posed to jurors at the hearing of the motion for a new trial as to whether the presence of Deputy Dalton influenced their verdict.
We have held in different cases that jurors cannot impeach their own verdict by testifying as to the motives and influences which affected their deliberations. McInnis v. State, 213 Miss. 491, 57 So.2d 137 (1952); Sprinkle v. State, 137 Miss. 731, 102 So. 844 (1925). These cases, and others which prohibit jurors from impeaching their own verdict, do not require that jurors may not be permitted to testify as to the fact of the misconduct of others in their presence or hearing, or as to outside influences brought to bear upon them. While we think the technically correct application of the rule in this case would not have allowed the jurors to answer the question propounded them by the district attorney as to whether the presence of Deputy Dalton influenced their verdict, no reversible error occurred upon the facts and circumstances before us.
We find no reversible error in the action of the trial court in overruling the motion for a new trial. There was ample evidence to support the verdict which found the appellant guilty of manslaughter.
Affirmed.
GILLESPIE, C.J., and SMITH, ROBERTSON and INZER, JJ., concur.