520 So.2d 131 (1988)
Robert Milford CRENSHAW
v.
STATE of Mississippi.
No. 57478.
Supreme Court of Mississippi.
February 10, 1988.
*132 John C. Ellis, Gulfport, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Deirdre D. McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
Robert Milford Crenshaw was found guilty of fondling by the Circuit Court of Harrison County, and sentenced to six (6) years imprisonment. From this adverse verdict and sentence, Crenshaw appeals, making four (4) assignments of error. Finding no error, we affirm.

FACTS
On the night of April 13, 1985, Andrea and her husband dropped their five (5) children off at the home of their friend Judy McCauley in Gulfport so that Judy could babysit. In addition to the Switzers' children, the McCauley apartment that evening was occupied by McCauley, her four (4) children, and her friend Robert Crenshaw.
The Switzers' oldest child was Heather Yeoman, eight (8) years old on the night in question. According to Heather, while the group was watching television Crenshaw asked her to sit on his lap. When she did, he kissed her on the lips. Subsequently, Crenshaw took her to a bedroom in the back of the house and closed the door. Once in the bedroom, appellant rubbed Heather on her hip, kissed her on the lips again, sat down on the bed, unzipped his pants, and forced Heather to "rub his thing" for "about five (5) minutes." Crenshaw then returned Heather to the living room and warned her not to tell anyone what had happened or he would hurt her. McCauley confirmed that Crenshaw and Heather were absent for some period of time.
Heather did not tell her mother about the above incident until May 26, 1985. Andrea Switzer reported the matter to the Gulfport Police Department on the same day. Following this action, Crenshaw was indicted for fondling pursuant to Miss. Code Ann. § 97-5-23 (1972), which provides that:
Touching, handling, etc., child for lustful purposes.
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of fourteen (14) years, with or without the child's consent, shall be guilty of a high crime and, upon conviction thereof, shall be fined in a sum not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars (1,000.00), or be imprisoned in the State Penitentiary not less than one (1) year nor more than ten (10) years, or be punished by both such fine and imprisonment, at the discretion of the court.
*133 At trial, Crenshaw was found guilty of the crime of fondling and sentenced to six (6) years imprisonment. It is this adverse decision that Crenshaw appeals.

I. DID PROSECUTORIAL MISCONDUCT PREJUDICE THE TRIAL TO THE POINT THAT THE DEFENDANT WAS DENIED HIS RIGHT TO DUE PROCESS?

A. WAS IT ERROR FOR THE LOWER COURT TO OVERRULE DEFENSE COUNSEL'S OBJECTION TO THE QUESTION, "WHAT DO YOU MEAN, THE WAY SHE WOULD FRENCH KISS?"
During the State's redirect examination of Judy McCauley, the following occurred:
Q. You said the defendant said the children [of Andrea Switzer] needed psychiatric care?
A. Right.
Q. When did this take place?
A. It was April 13th, because when Bob [appellant] kept coming over, we would talk about the case, you know, about Jennifer [Switzer], about how she would French kiss, the way she was acting generally with boys.
Q. What do you mean "the way she would French kiss?"

MR. ELLIS [Defense counsel]: I'm going to object to that.

THE COURT: Overruled.

Q. What was the defendant's concern about the way Jennifer French kissed?
A. Well, he made the remark that she could French kiss better than I could, that she had experience, that she could not have just picked it up. She would have had to have learned from somebody. (emphasis added)
On appeal, Crenshaw argues that this questioning of McCauley impermissibly brought out evidence of another crime involving Jennifer Switzer, Andrea Switzer's oldest child. The basis for appellant's contention is that he had, in a separate indictment, been charged with the "fondling" of Jennifer. Appellant argues the above question concerning Crenshaw's actions towards Jennifer amounted to prosecutorial misconduct.
In determining whether the question at hand amounted to conduct on the part of the prosecutor requiring reversal of the jury's verdict, it must be noted that as a part of his defense at trial, Crenshaw attempted to show that his actions toward Heather Yeoman and her sisters were taken out of concern that they were becoming sexually advanced due to their parents lack of responsibility, and as a result the children needed psychiatric care. Toward this end, defense counsel questioned Judy McCauley about Crenshaw's statements concerning the children's need for "psychiatric care." Where the defense attorney inquires into a subject on cross-examination of the State's witness, the prosecutor on rebuttal is unquestionably entitled to elaborate on the matter. Winters v. State, 449 So.2d 766 (Miss. 1984). Evidence, even if otherwise inadmissible, can be properly presented where the defendant has "opened the door." Simpson v. State, 366 So.2d 1085 (Miss. 1979) As the State, on redirect of Judy McCauley, did no more than expound on Crenshaw's reasons for thinking the Switzers' children needed "psychiatric help," the point is without merit.

B. WAS THE ADMISSION OF DETECTIVE TERRELL'S TESTIMONY AS TO APPELLANT'S AGE REVERSIBLE ERROR?
In proving gratification of lust pursuant to Miss. Code Ann. § 97-5-23 (1972) the State bears the burden, as an affirmative fact, of proving that the person so charged was above the age of eighteen (18) years. See Love v. State, 211 Miss. 606, 52 So.2d 470 (1951). In the trial below, Officer Glen Terrell was called by the State to testify that Crenshaw had told him, while making a statement, that he was born on November 17, 1947. Appellant objected to the testimony of Officer Terrell on the basis that the State had failed to provide in discovery his statement concerning age, and as such the use of the statement to prove age should not be allowed. *134 The lower court permitted Terrell to testify concerning the statement, which Crenshaw argues prejudiced him. Judy McCauley had previously been called as a witness for the State. McCauley, a close friend of Crenshaw, when asked about his age, answered, "I think he's thirty-eight (38)." As a consequence, there had, prior to the time of Terrell's testimony concerning Crenshaw's birthdate, been proof of appellant's age. Further, Crenshaw upon taking the stand testified that he was thirty-eight (38). The admission of Terrell's testimony, even if, assuming arguendo, such was incompetent evidence, it was harmless error due to the fact that Crenshaw's age was established by other competent evidence in the form of Judy McCauley's testimony. McClelland v. State, 98 Miss. 735, 54 So. 251 (1911); King v. State, 74 Miss. 576, 21 So. 235 (1897). The point is meritless.

C. WAS THERE ERROR IN THE STATE'S CLOSING ARGUMENT?
During the State's closing argument the following occurred:
BY MR. BURDICK: Now, that night, on April the 13th, remember the testimony of French kissing; the absence of Crenshaw with Heather; the going back into the back; the sitting on the lap; the comments Judy McCauley made: "French kisses better than she does." Remember that 
MR. ELLIS: Your Honor, I want to object to that. Mr. Burdick intentionally lowered his voice and said something that the Judge has not allowed him to go into. I'd like to approach the bench. (Whereupon both attorneys approach the bench, and a bench discussion ensues.) THE COURT: Note the objection. Sustain the objection. The jury will disregard that last comment. Motion for mistrial is denied. (emphasis added)
In arguing his objection, counsel for Crenshaw pointed out that the State was delving into matters concerning the other girls, and not just Heather, on the night in question. As seen above, the trial court sustained appellant's objection and directed the jury to disregard the statement. This Court has continuously held that where the trial court acts in such a manner, it is presumed that jurors follow the instructions of the court so as to dissipate any prejudicial effect. Stringer v. State, 477 So.2d 1335 (Miss. 1985); Johnson v. State, 475 So.2d 1136 (Miss. 1985); Sand v. State, 467 So.2d 907 (Miss. 1985). Appellant's contention is without merit, as is the assignment of error.

II. DID THE TRIAL COURT ERR IN FAILING TO RECOGNIZE RULE 803(24) OF THE MISSISSIPPI RULES OF EVIDENCE?
At trial, Crenshaw called Reverend Howard Lock, the former minister of Heather Yeoman. Lock was called to testify about specific instances that would indicate that the character of the Switzers and Heather was "trashy", and that the young girl had previously "fooled around" with young boys. Crenshaw sought at trial to show the relevancy of this character evidence through Miss. R. Evid. 405(b) which provides:
(b) Specific Instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct. (emphasis added)
The rule simply provides that in cases where a person's character is in issue, proof of that person's character can be shown by specific instances of his conduct. In the present case, the proffered testimony dealt only with the victim and her parents whose character was not in issue. Further, on appeal, Crenshaw argues only that the testimony of Lock should have been admitted at trial under the "catch all" exception to the hearsay rule pursuant to Miss. R. Evid. 803(24). This argument was not made in the trial below. It is well established that this Court will not consider issues which were not raised in the trial court. Warren v. State, 456 So.2d 735 (Miss. 1984); Pruitt v. State, 163 Miss. 47, 139 So. 861 (1932). A trial judge cannot be put in error on a matter which was not *135 presented to him for decision. Ponder v. State, 335 So.2d 885 (Miss. 1976). The assignment of error is meritless.

III. DID THE TRIAL COURT ERR IN GRANTING INSTRUCTION S-1?
At trial, the lower court gave Instruction S-1 for the State, which provided that:
The Defendant, ROBERT MILFORD CRENSHAW, has been charged by an indictment with the crime of touching, handling and rubbing a child for lustful purposes.
If you find from the evidence in this case beyond a reasonable doubt that:
1. The Defendant, ROBERT MILFORD CRENSHAW, is a male above the age of eighteen (18) years, and
2. Heather Yeoman is a child under the age of fourteen (14) years, and
3. ROBERT MILFORD CRENSHAW did, with his hands, handle, touch and rub Heather Yeoman, by rubbing her on the buttocks and forcing her to handle, touch or rub his penis, and
4. The Defendant's purpose in handling, touching and rubbing Heather Yeoman was to gratify his lust or indulge his depraved, licentious sexual desires, then you shall find the Defendant guilty.
If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.

The child's consent, or lack of consent is not material to your decision on the Defendant's guilt or innocence. (emphasis added)
Crenshaw contends that the instruction should not have been given due to the fact that the language of the last sentence of the instruction was "tantamount to a comment on the weight of the evidence." Appellant provides no argument or authority for this proposition in his brief. This Court will not consider assignments of error unsupported by authority. Ramseur v. State, 368 So.2d 842 (Miss. 1979); Dozier v. State, 247 Miss. 850, 157 So.2d 798 (1963). Further, the last sentence of Instruction S-1 tracts the "fondling" statute, Miss. Code Ann. § 97-5-23 (1972), which provides that the crime of "fondling" may be committed "with or without the child's consent." We have consistently held that instructions in a criminal case which follow the language of a pertinent statute are sufficient. Johnson v. State, 475 So.2d 1136 (Miss. 1985); Shaw v. State, 250 Miss. 785, 168 So.2d 632 (1964); Lackey v. State, 215 Miss. 57, 60 So.2d 503 (1952). The lower court did not err in giving Instruction S-1.

IV. DID THE TRIAL COURT ERR IN FAILING TO GRANT CRENSHAW A NEW TRIAL?
Crenshaw asserts that the lower court should have granted him a new trial "in the interest of justice." Unif.Crim.R. Cir.Ct.Prac. 5.16(1). Other than this vague general statement, appellant neither makes any argument nor cites any authority to support his assertion. Again, this Court does not consider assignments of error unsupported by argument or authority. Ramseur, supra; Dozier, supra. Additionally, it is within the trial court's discretion to grant a new trial if such is required in the interest of justice where the jury's verdict is contrary to the law or the weight of evidence. Williams v. State, 463 So.2d 1064 (Miss. 1985). A jury's verdict should be set aside only when contrary to the weight of the evidence, and a court of appeals will disturb the determination of a trial judge only when convinced that the judge has abused his discretion. Quinn v. State, 479 So.2d 706 (Miss. 1985). As there was contradictory evidence at trial necessitating a factual determination, the lower court did not abuse its discretion in refusing appellant's motion for a new trial. The point is without merit.

CONCLUSION
The proof at trial sufficiently made out against Crenshaw all of the elements of "gratification of lust" as required by Miss. Code Ann. § 97-5-23 (1972). As there was no error at trial prejudicial to Crenshaw, the decision of the lower court is affirmed.
AFFIRMED.
*136 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.