# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00898-SCT

*ANTOINE PLUMP*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/14/96 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT FLYNN |
| DISTRICT ATTORNEY: | MARTIN G. GILMORE |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/1/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On July 13, 1995, Antoine Plump entered a plea of guilty to one count of armed robbery. Following a guilty plea hearing, Plump was sentenced by the Warren County Circuit Court to six years, without the eligibility for parole, in the custody of the Mississippi Department of Corrections. Plump was additionally ordered into a drug and alcohol treatment program.

On December 5, 1995, Plump filed a petition for post-conviction relief in the Circuit Court of Warren County. In his petition, Plump alleged that (1) his guilty plea was not voluntarily, intelligently, and knowingly made; (2) he was not given a fair competency hearing; (3) he received ineffective assistance of counsel; and (4) his right to a speedy trial was violated. The trial court summarily dismissed the petition and denied relief. Plump now appeals to this Court from the denial of his petition.

## FACTS

On November 2, 1994, Antoine Plump was indicted for armed robbery by the Warren County Grand Jury. On July 13, 1995, Plump withdrew his original plea of not guilty and entered a plea of guilty to the crime of armed robbery. After a guilty plea hearing, the trial court accepted the guilty plea and sentenced Plump to serve six years, without the eligibility for parole, in the custody of the Mississippi Department of Corrections.

On December 5, 1995, Plump filed a Post Conviction Motion to Withdraw Guilty Plea and Set Aside Sentence and Conviction. In his motion, Plump alleged that (1) his plea agreement and guilty plea were not voluntarily, intelligently, and knowingly made because he had been diagnosed as schizophrenic; (2) he was deprived of a full and complete competency hearing which allegedly would have revealed that he was incompetent to stand trial; (3) he received ineffective assistance of counsel; and (4) his right to a speedy trial was violated.

On May 14, 1996, the trial court dismissed Plump's Motion to Withdraw Guilty Plea and Set Aside Sentence and Conviction and denied all relief. After reviewing the twelve page psychological report and the transcript of the guilty plea hearing, the trial court found that Plump was not entitled to any relief.

On June 26, 1996, Plump filed with the trial court his Notice of Appeal to this Court. However, on August 1, 1996, Plump filed with the trial court a Notice of Withdrawal of Appeal to have his appeal to this Court withdrawn or dismissed, but no action was taken on this motion by the trial court. Then, on January 24, 1997, the clerk of the Supreme Court mailed notice to Plump that his appeal was deficient in that it lacked an Appellant's Brief, and pursuant to Miss. R. App. P. Rule 2(a)(2), the appeal would be dismissed if the deficiency was not corrected within 14 days. Plump filed his brief on February 13, 1997.

Aggrieved, Plump appeals to this Court, citing the following issues:

**I. WHETHER THE TRIAL COURT ERRED BY ENTERING INTO EVIDENCE THE TESTIMONY OF STATE'S WITNESSES COLEMAN AND EDWARD.**

**II. WHETHER THE TRIAL COURT ERRED BY IMPOSING A TIME LIMITATION AND LIMITING THE CROSS EXAMINATION OF COLEMAN AND EDWARD AS TO THEIR PRIOR CONVICTIONS.**

**III. WHETHER THE TRIAL COURT DISCRIMINATED AGAINST PLUMP BY ALLOWING THE STATE TO EXERCISE PEREMPTORY CHALLENGES FOR THE PURPOSE OF STRIKING MEMBERS OF PLUMP'S RACE FROM THE JURY IN VIOLATION OF *BATSON V. KENTUCKY*.**

## DISCUSSION OF LAW

**I. WHETHER THE TRIAL COURT ERRED BY ENTERING INTO EVIDENCE THE TESTIMONY OF STATE'S WITNESSES COLEMAN AND EDWARD.**

**II. WHETHER THE TRIAL COURT ERRED BY IMPOSING A TIME LIMITATION AND LIMITING THE CROSS EXAMINATION OF COLEMAN AND EDWARD AS TO THEIR PRIOR CONVICTIONS.**

**III. WHETHER THE TRIAL COURT DISCRIMINATED AGAINST PLUMP BY ALLOWING THE STATE TO EXERCISE PEREMPTORY CHALLENGES FOR THE PURPOSE OF STRIKING MEMBERS OF PLUMP'S RACE FROM THE JURY IN VIOLATION OF *BATSON V. KENTUCKY*.**

After reviewing in full the above issues, it is our conclusion that all of the above issues are without merit. First, the issues raised by Plump on appeal were not raised before the trial court, and this Court has repeatedly held that "[a] trial court cannot be put in error on a matter not presented to the court for decision." *Chase v. State*, 645 So. 2d 829, 846 (Miss. 1994), *cert. denied*, 515 U.S. 1123 (1995); *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992); *Crenshaw v. State*, 520 So. 2d 131, 134-35 (Miss. 1988). Thus, Plump is procedurally barred from raising these issues on appeal.

Furthermore, even if these issues were raised before the trial court, they would have been found to be without merit. All of the issues raised by Plump on appeal concern trial issues, and in the present case, Plump entered a plea of guilty. Thus, there is no evidence in the record that a trial was held that could provide a basis for these issues in a motion for post-conviction relief at the trial court level or on appeal. This Court has stated:

> We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.

*Wallace v. State*, 607 So. 2d 1184, 1189 (Miss. 1992) (*quoting Mason v. State*, 440 So. 2d 318, 319 (Miss. 1983)). The record in this case reveals that the underlying events necessary to support the issues raised by Plump never took place. As a result, we find all of the issues raised by Plump are without merit.

Additionally, it is the opinion of this Court that Plump should not have been allowed to appeal the decision of the trial court because his Notice of Appeal was not timely filed. Miss. R. App. P. Rule 4(a) provides that:

> In a civil or criminal case in which an appeal or cross-appeal is permitted by law as of right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.

Miss. R. App. P. Rule 4(a). In the present case, the trial court's order was entered on May 14, 1996, and Plump did not file his Notice of Appeal until June 26, 1996. Therefore, this appeal should have been dismissed pursuant to Miss. R. App. P. Rule 2(a)(1).

## CONCLUSION

We affirm the trial court's denial of Plump's petition for post-conviction relief because all of the issues

raised by Plump on appeal are procedurally barred and, alternatively, all issues raised by Plump on appeal are without merit.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**