# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-01411-SCT

*BILLY YOUNG, JR.*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/13/96 |
| TRIAL JUDGE: | HON. KEITH STARRETT |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT FLYNN |
| DISTRICT ATTORNEY: | DUNN LAMPTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/1/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On March 22, 1996, Billy Young, Jr. entered a plea of guilty to one count of embezzlement. Following a guilty plea hearing, Young was sentenced to three years in an Intensive Supervision/house arrest program by the Pike County Circuit Court. Young subsequently breached his agreement, and on August 7, 1996, Young was placed in the custody of the Mississippi Department of Corrections to serve the remainder of his sentence.

On November 27, 1996, Young filed a petition for post-conviction relief in the Circuit Court of Pike County. In his petition, Young alleged that he was denied due process by not being given a preliminary hearing before he was indicted by the grand jury. The trial court summarily dismissed the petition and denied relief. Young now appeals to this Court from the denial of his petition.

**FACTS**

On or about January 20, 1996, Billy Young, Jr. was arrested for the crime of embezzlement. On March 8, 1996, Young was indicted by the Pike County Grand Jury for the crime of embezzlement. On March 21, 1996, Young changed his original plea of not guilty and entered a plea of guilty to the crime of embezzlement which the trial court accepted. On March 22, 1996, the trial court subsequently sentenced Young to serve three years in an Intensive Supervision Program. However, Young violated the conditions of his sentence, and on August 7, 1996, Young was ordered to the custody of the Mississippi Department of Corrections to serve the remainder of his sentence.

On November 27, 1996, Young filed a Motion to Vacate and Set Aside Judgment of Conviction and Sentence. In his motion, Young alleged that his due process rights were violated when he did not receive a preliminary hearing before being indicted by the grand jury. Young specifically contended that the grand jury should not have indicted him without a determination of probable cause being previously made and that he was not given the opportunity to confront his accusers through a preliminary hearing.

On December 13, 1996, the trial court summarily dismissed the motion and denied all relief. The trial court held that Young was not entitled to a preliminary hearing following indictment and "even if he was, this complaint was waived by the entry of the guilty plea." Aggrieved, Young now appeals to this Court, citing the following issues:

**I. WHETHER YOUNG'S DUE PROCESS RIGHTS WERE VIOLATED BY NOT BEING GIVEN A PRELIMINARY HEARING BEFORE BEING INDICTED.**

**II. WHETHER YOUNG'S CONSTITUTIONAL RIGHT OF CONFRONTATION WAS VIOLATED AS A RESULT OF NOT BEING GIVEN THE OPPORTUNITY TO CONFRONT HIS ACCUSERS DURING A PRELIMINARY HEARING PRIOR TO INDICTMENT.**

**III. WHETHER YOUNG'S RIGHT TO COUNSEL WAS VIOLATED BY NOT HAVING COUNSEL APPOINTED BEFORE YOUNG WAS INDICTED.**

**IV. WHETHER YOUNG'S DUE PROCESS RIGHTS WERE VIOLATED BY NOT RECEIVING HIS INITIAL APPEARANCE UNTIL 15 DAYS AFTER HIS ARREST.**

**V. WHETHER YOUNG RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.**

**VI. WHETHER YOUNG'S GUILTY PLEA WAS VOLUNTARILY AND INTELLIGENTLY GIVEN.**

**DISCUSSION OF LAW**

**I. WHETHER YOUNG'S DUE PROCESS RIGHTS WERE VIOLATED BY NOT BEING GIVEN A PRELIMINARY HEARING BEFORE BEING INDICTED.**

Young contends that he should have received a preliminary hearing before he was indicted by the grand jury pursuant to Rules 1.04 and 1.07 of the Uniform Criminal Rules of Circuit Court Practice.

Young alleges that he was improperly indicted because no such hearing was held to establish whether there was probable cause that he committed an act of embezzlement. Young further alleges that he was arrested on January 20, 1996 and was not indicted until March 8, 1996, allowing ample time for a preliminary hearing to be held.

This Court has held:

> The so-called "preliminary hearing" provides an interim means for determining whether probable cause exists for holding one accused of felony until such time as the case may be acted upon by a grand jury. The power of the grand jury to indict is by no means restricted to cases involving persons who have been "bound over" by a magistrate.

*Beard v. State*, 369 So. 2d 769, 772 (Miss. 1979). Thus, it is not necessary for there to have been a determination by a judicial officer that probable cause existed before the grand jury has had an opportunity to act.

In *Beard*, this Court further adopted the rationale set forth by the United States Supreme Court in *Gerstein v. Pugh*, 420 U.S. 103 (1974), by stating that

> an adversary hearing is not required in order to determine whether there is probable cause for binding an accused over on a preliminary charge of felony and that if prejudice is not shown to have resulted because no preliminary hearing was conducted, the failure to hold such a hearing will not be considered reversible error.

*Beard*, 369 So. 2d at 772. This Court has consistently followed this rationale. *See, e.g.*, *Thorson v. State*, 653 So. 2d 876, 893 (Miss. 1994) (holding failure to afford defendant a preliminary hearing prior to indictment was not reversible error); *Addkison v. State*, 608 So. 2d 304, 312 (Miss. 1992) (holding lack of hearing prior to indictment not reversible error where defendant is not prejudiced); *Hansen v. State*, 592 So. 2d 114, 123 (Miss. 1991) (holding denial of preliminary hearing not reversible error unless defendant was prejudiced by such denial). Thus, even if it was error for Young not to receive a preliminary hearing, Young has failed to show on appeal that he was prejudiced by the denial of a preliminary hearing.

Furthermore, Uniform Circuit and County Court Rule 6.03, formerly Uniform Criminal Rules of Circuit Court Practice Rule 1.04, provides that at the defendant's initial appearance: "The judicial officer shall also advise the defendant . . . [t]hat the defendant has the right to demand a preliminary hearing while the defendant remains in custody." URCCC Rule 6.03. Young contends that at his initial appearance a date for a preliminary hearing was set. Young further contends that he did not waive his right to the preliminary hearing. However, there is nothing in the record that evidences Young's demand for a preliminary hearing while he was in custody as required by the current rule, and we have held "that once a defendant has been indicted by a grand jury, the right to a preliminary hearing is deemed waived." *Mayfield v. State*, 612 So. 2d 1120, 1129 (Miss. 1992). As a result, we find that Young's first issue is without merit.

### II. WHETHER YOUNG'S CONSTITUTIONAL RIGHT OF CONFRONTATION WAS VIOLATED AS A RESULT OF NOT BEING GIVEN THE OPPORTUNITY TO CONFRONT HIS ACCUSERS DURING A PRELIMINARY HEARING PRIOR TO

**INDICTMENT.**

Young contends that he was denied the right to confront his accusers, cross-examine witnesses or the investigating officer as well as to challenge the evidence of the District Attorney, and the charges that was against him before he was indicted.

In *Addkison v. State*, 608 So. 2d 304 (Miss. 1992) this Court addressed this same issue where the defendant claimed that the denial of a preliminary hearing prior to indictment "resulted in loss of valuable rights including the right to cross-examine witnesses and offer evidence in his own behalf." *Addkison*, 608 So. 2d at 312. Quoting from an earlier case, this Court stated "'[t]he preliminary hearing rule affords no right of discovery, and we say this notwithstanding common knowledge that over the years accuseds have used preliminary hearings as occasions for discovery.'" *Id.* (quoting *Hansen v. State*, 592 So. 2d 114, 123 (Miss. 1991)). This Court cited *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987), for the proposition that the right to confrontation is a trial right and the advantage of cross examining witnesses at a preliminary hearing is merely an incident to and not the basis of a preliminary hearing. *Id.*; *see also Mayfield v. State*, 612 So. 2d 1120, 1129 (Miss. 1992) (holding defendant's rights to cross-examine witnesses and to discover evidence during preliminary hearing "are merely incidental and wholly subordinate to the true purpose of a preliminary hearing: determining whether probable cause exists"). This Court concluded that "since no right to discovery inheres with the grant of a preliminary hearing, Addkison was not prejudiced by the lack of hearing prior to indictment." *Addkison*, 608 So.2d at 312.

Likewise, Young was not prejudiced by the lack of a preliminary hearing prior to indictment, and as a result, we find that this issue is without merit.

### III. WHETHER YOUNG'S RIGHT TO COUNSEL WAS VIOLATED BY NOT HAVING COUNSEL APPOINTED BEFORE YOUNG WAS INDICTED.

Young contends for the first time on appeal that his constitutional right to counsel was violated because he did not receive court appointed counsel before he was indicted. Young further contends that as a result he did not understand the nature of the crime with which he was being charged.

This Court has repeatedly held that "[a] trial court cannot be put in error on a matter not presented to the court for decision." *Chase v. State*, 645 So. 2d 829, 846 (Miss. 1994), *cert. denied*, 515 U.S. 1123 (1995); *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992); *Crenshaw v. State*, 520 So. 2d 131, 134-35 (Miss. 1988). Thus, since Young did not raise this issue at the trial level, he is barred on appeal from raising this issue. However, discussion of this issue proves that the issue is without merit.

This Court has held that in Mississippi an accused's right to counsel attaches "at the time the Initial Appearance . . . ought to have been held." *Page v. State*, 495 So. 2d 436, 439 (Miss. 1986). Young contends that he was informed at his initial appearance that counsel would be appointed for him but he did not receive appointed counsel until after he was indicted. Thus, Young was entitled to counsel at all critical stages after this right attached. *See Williamson v. State*, 512 So. 2d 868, 875 (Miss. 1987) (holding whether counsel is required depends on whether defendant is at critical stage), *implicitly overruled on unrelated grounds by Hansen v. State*, 592 So. 2d 114, 134 (Miss. 1991).

This Court has defined critical stages as "where 'the accused is confronted, just as at trial, by the

procedural system or by his expert adversary, or by both' such that the results of the confrontation might well settle the accused's fate and reduce the trial itself to a mere formality." *Williamson*, 512 So. 2d at 875 (quoting *United States v. Gouveia*, 467 U.S. 180, 189 (1984)). In the present case, there were no critical stages, particularly in the absence of a preliminary hearing, where Young can show he was denied the right to counsel before being indicted.

Furthermore, this Court has also held that "the defendant must be able to show some adverse effect or prejudice to his ability to conduct his defense before denial of this right to counsel constitutes reversible error." *Ormond v. State*, 599 So. 2d 951, 956 (Miss. 1992) (citing *Williamson*, 512 So. 2d at 876). It can hardly be said that Young's failure to have contact with counsel before he was indicted had an adverse effect or prejudiced his ability to conduct his defense where no trial was ever held because Young pled guilty to the charges against him. As a result, we find that this issue is without merit.

### IV. WHETHER YOUNG'S DUE PROCESS RIGHTS WERE VIOLATED BY NOT RECEIVING HIS INITIAL APPEARANCE UNTIL 15 DAYS AFTER HIS ARREST.

Young alleges that his initial appearance was not held until fifteen (15) days after his arrest, and as a result, he was unable to prepare himself for what was ahead. However, this issue was not raised by Young before the trial court in his motion for post conviction relief, and as such, it is not properly before this Court for review. *See Taylor v. State*, 682 So. 2d 359, 362 (Miss. 1996); *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988).

Notwithstanding Young's failure to raise this issue in his original motion, we find that in the present case, accepting as true Young's allegation that his initial appearance was not held until fifteen days after his arrest, this issue is without merit. Rule 6.03 of the Uniform Rules of Circuit and County Court Practice provides that "[e]very person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance." URCCC Rule 6.03. However, this Court has held that "a delay cannot constitute *per se* reversible error, even when a defendant gives evidence prior to the delayed appearance." *Ormond*, 599 So. 2d at 955. In the case sub judice, there is no evidence in the record that incriminating statements were given by Young before his initial appearance nor that he was prejudiced in any other way by the alleged delay in his initial appearance.

As a result, we find that the alleged delay in Young's initial appearance did not constitute reversible error, and thus, this issue is without merit.

### V. WHETHER YOUNG RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

### VI. WHETHER YOUNG'S GUILTY PLEA WAS VOLUNTARILY AND INTELLIGENTLY GIVEN.

Young contends that his court appointed counsel deceived, induced, and scared him into signing a plea bargain agreement and entering a guilty plea without explaining what rights he was waiving or what type of papers he was signing. Young further alleges that, as a result of his ineffective assistance of counsel, he did not voluntarily and intelligently enter his guilty plea.

However, neither of these issues were raised by Young in his motion for post-conviction relief, and as such, he is procedurally barred from raising these issues before this Court. *See Taylor v. State*, 682 So. 2d 359, 362 (Miss. 1996); *Gardner v. State*, 531 So. 2d 805, 808-09 (Miss. 1988). This Court has repeatedly held that "[a] trial court cannot be put in error on a matter not presented to the court for decision." *Chase v. State*, 645 So. 2d 829, 846 (Miss. 1994), *cert. denied*, 515 U.S. 1123 (1995); *Jones v. State*, 606 So. 2d 1051, 1058 (Miss. 1992); *Crenshaw v. State*, 520 So. 2d 131, 134-35 (Miss. 1988).

There appears no evidence in the record to support the allegations made by Young of ineffective assistance of counsel or that such ineffective assistance led to his entering a plea of guilty. In addition, Young has failed to allege with the requisite "specificity and detail" required to show "that his counsel's performance was deficient and that the deficient performance prejudiced the defense." *Brooks v. State*, 573 So. 2d 1350, 1354 (Miss. 1990). Young did not provide affidavits, pursuant to Miss. Code Ann. § 99-39-9(1)(e)(1994), at the trial court level to support these claims nor did he provide such on appeal, and thus, Young's complaint is insufficient. *See Brooks*, 573 So. 2d at 1354. As a result, we find that both of these issues are without merit.

## CONCLUSION

We affirm the trial court's denial of Young's petition for post-conviction relief because (1) Young has failed to show that denial of a preliminary hearing before indictment prejudiced him; (2) Young's right of confrontation is a trial right, and failure to provide a preliminary hearing prior to indictment for such purpose was not prejudicial; and (3) Young is procedurally barred from raising on appeal the remaining issues.

**DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**