McMILLIN, C.J.,
for the Court.
¶ 1. Bobby Earl Griffin was convicted in Panola County Circuit Court of driving under the influence in a negligent manner and thereby causing the death of another person. He appeals that conviction raising only one issue. Griffin asserts that the prosecuting attorney, during cross-examination, violated his Fifth Amendment right against self-incrimination by attempting to put before the jury the fact that Griffin had refused to discuss the incident with investigating officers shortly after the accident. Griffin contends that this line of inquiry was so prejudicial to a fair trial that the circuit court erred in denying his mistrial motion. We disagree and affirm the conviction and judgment of sentence.
I.
Facts
¶ 2. Griffin was involved in a car accident in Panola County that resulted in the death of Becky Melton. Evidence at trial showed that Griffin’s blood alcohol content *702 at the time of the accident was .25%, which was well beyond the legal limit to operate a motor vehicle.
¶ 3. Griffin elected to testify in his own defense at trial. The essence of his testimony was that all of the State’s evidence was false, that he could not possibly have had such a high blood alcohol content on the day of the accident, and that the accident actually occurred when Melton crossed over into his lane of travel.
¶ 4. During cross-examination of Griffin, the prosecutor asked, “Well, before today, have you ever been given a chance to tell your side of this story?” Griffin’s attorney promptly objected. After some discussion outside the jury’s presence regarding the State’s objective in asking that question, the trial court sustained the objection. Griffin’s subsequent motion for a mistrial, however, was denied. The court offered the view that, because the inquiry was promptly objected to and went unanswered, it did not appear that any irreversible prejudice to the defendant’s right to a fundamentally fair trial had occurred. Instead of granting a mistrial, the trial court promptly admonished the jury that the question itself was improper and that jurors should disregard it in their deliberations. Later, in its general instructions, the court also instructed the jury that it “should not speculate as to possible answers to questions the Court did not require to be answered; further, you should not draw any inference from the content of those questions.”
¶ 5. It is not entirely clear what purpose the prosecution intended to accomplish by the inquiry. Outside the jury’s presence, the State’s attorney seemed to indicate that he was not seeking to let the jury know about Griffin’s earlier refusal to give a statement to investigating officers, but was instead attempting to lay a predicate to attack Griffin’s eleventh-hour list of potential defense witnesses. Nevertheless, the trial court interpreted the question as having at least the potential to raise Griffin’s earlier decision to remain silent in the face of questioning by police and treated the matter in that light. Whether eliciting this information was the intended purpose or merely an unintended consequence of the inquiry, it is conceivable that Griffin could have understood the question in that light and responded accordingly. We will consider the issue, therefore, on the assumption that the question was objectionable for the reasons contended by Griffin in this appeal.
¶ 6. We have little trouble in resolving this issue against Griffin. The decision to grant a motion for a mistrial is a matter vested in the sound discretion of the trial court. Blocker v. State, 809 So.2d 640 (¶ 11) (Miss.2002). In King v. State, the supreme court held that “when an isolated prejudicial question or comment by the prosecution is promptly objected to and the objection is sustained, and particularly when the circuit judge instructs the jury to disregard the incident, there is a presumption the action on the part of the trial court cured the error.” King v. State, 580 So.2d 1182, 1189 (Miss.1991). In the case before us, the improper question was met with an immediate objection. There was no preliminary line of inquiry leading up to the question that would have given unwarranted emphasis to the question itself nor led the jury to be overly concerned about what Griffin’s answer might have been had he been allowed to answer. The trial court immediately cautioned the jury that, “[tjhere’s nothing wrong with that [failing to give a statement to investigating officers]. The man has a right to do that. Just disregard the question and my explanation because it doesn’t have anything to do with his innocence or guilt.” Also, as we have already observed, the court fur *703 ther instructed the jury not to speculate about potential responses to unanswered questions. There is a presumption that the jury follows the instructions given it by the trial court. Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988). We find no reason to think the jurors would have any incentive to do otherwise in this instance.
¶ 7. In summary, we find nothing remarkable or unduly prejudicial in the question itself to suggest that the prospect of a fundamentally fair trial was destroyed by the mere act of framing the question in the jury’s presence. Rather, we conclude that the rule announced in King v. State properly dictates the answer in this case, and that there was no abuse of discretion in the trial court’s refusal to grant a mistrial.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE IN A NEGLIGENT MANNER CAUSING DEATH AND SENTENCE OF TWENTY-TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH ELEVEN YEARS SUSPENDED IS AFFIRMED. THE COSTS OF THIS APPEAL ARE ASSESSED TO PANOLA COUNTY.
KING AND SOUTHWICK, P. JJ„ BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.