CHRISMOND *v.* CHRISMOND.

Feb. 4, 1952.

No. 37948 (56 So. (2d) 482)

Butler, Snow & O'Mara, for motion.

J. Wesley Miller and Barnett, Jones & Montgomery, contra.

**Kyle, J.**

This case is before us again on appellee's motion to correct the judgment entered herein on May 21, 1951, so as to award to the appellee a judgment for the five percent statutory damages provided for in Section 1971, Code of 1942, and for damages for depreciation and diminution in the value of the property awarded to the appellee while the property was in the possession of the appellant under and by virtue of an appeal bond with supersedeas ending a final decision by this Court. The opinion affirming the decree of the lower court was filed herein on May 21, 1951. See Chrismond v. Chrismond, 211 Miss. 746, 52 So. (2d) 624.

The decree of the lower court from which the appeal was taken was rendered on June 22, 1950. In that decree the chancellor annulled the marriage between the appellant and the appellee on the ground that the appellant at the time of the marriage had a living wife from whom he had not been divorced, and awarded to the appellee a specific parcel of real property situated in the Town of Rolling Fork as her equitable share of the property accumulated by the joint efforts of the parties during the time they lived together as man and wife. By the terms of that decree the appellant was required to execute and deliver to the appellee within 30 days from the date of the decree a proper deed of conveyance of said property and to satisfy all mortgage liens against the property. From that decree the appellant prosecuted an appeal to this Court, and on July 8, 1950, executed and filed an appeal bond in the sum of $500, conditioned for the payment of all costs in the event the case should be affirmed on appeal. And on July 20, 1950, the appellant executed and filed an appeal bond with supersedeas, in the sum of $3,500, conditioned that the appellant should prosecute his appeal with effect and satisfy the judgment or decree complained of and also such final judgment or decree as might be made in the cause, if the decree of the lower court should be affirmed.

On May 21, 1951, a judgment was entered by this Court affirming the decree of the lower court and directing that the appellee and the sureties on his appeal bond pay all costs of the appeal. The appellant thereupon filed a suggestion of error which was overruled on July 16, 1951, and on that day the appellant filed a petition for an appeal to the Supreme Court of the United States, which appeal was granted by the Chief Justice of this Court. On September 27, 1951, the appellant filed a petition for a writ of certiorari in the Supreme Court of the United States; and on November 13, 1951, the Supreme Court of the United States denied the petition for a writ of certiorari. 342 U. S. 878, 72 S. Ct. 167. On December 1,

1951, the appellee filed a motion in this Court to correct the judgment entered in this cause by this Court on May 21, 1951, so as to award to the appellee a judgment for the five percent statutory damages provided for in Section 1971, Code of 1942, and so as to award to the appellee a judgment against the appellant and the sureties on his supersedeas appeal bond for damages for the depreciation and diminution in the value of the property ordered to be conveyed to the appellee caused by the alleged destruction of the dwelling house by fire on December 11, 1950, while said property was in the possession of the appellant under and by virtue of appellant's appeal bond pending a final decision of this Court.

The appellant in his response to appellee's motion to correct the judgment contends: (1) That the five percent damages provided for in Section 1971, Code of 1942, should not be allowed in this case for the reason that the suit is in its nature a proceeding for the partition of land, and that this Court has held in the case of Gillen v. Stuckey, 73 So. 626, that the statutory provisions for the allowance of five percent damages do not apply to suits for partition of land; and (2) that the record in this case does not show that there has been any diminution of the value of the property or damage on account of the loss of use and occupation of the property, and that the liability of the appellant for damages for such depreciation and diminution in the value of the property or for loss of use and occupation can be enforced only by an original suit or action on the bond, and not by a motion to correct the judgment.

We think that the appellee was entitled to a judgment in this Court for the five percent damages provided for in Section 1971, Code of 1942. ██ ██ The decree of the lower court which was affirmed by this Court was not a decree for the partition of land held by joint tenants, tenants-in-common or coparceners. The decree of the lower court was a decree awarding to the putative wife, upon the dissolution of a void marriage, certain property,

specifically described in the decree, as her equitable share of the property accumulated by the joint efforts of the parties during the time they were living together as man and wife; and by the terms of that decree the appellant was required to execute and deliver to the appellee within 30 days from the date of the decree a proper deed of conveyance of the property, which would vest in the appellee the ownership of the property with the right of possession. The judgment of this Court affirming that decree carried with it the right to the allowance of the five percent damages provided for in Section 1971, Code of 1942. ▇▇ And while no reference to an award of the five percent damages was made in the opinion rendered when the case was decided, such damages should have been included in the judgment entered upon the minutes of the Court. It is mandatory on the Court to include such damages in its judgment of affirmance in a case of this kind, and it was not necessary that reference be made to the award of such damages in the opinion rendered when the case was decided. Claughton v. Ford, 202 Miss. 361, 30 So. (2d) 805, 32 So. (2d) 751. ▇▇ The power of this Court to correct an error in the record of the judgment rendered at a former term, so as to include such damages in the judgment, has been well settled by the decisions of this Court. Cotten v. McGehee, 54 Miss. 621; Wilson v. Town of Hansboro, 99 Miss. 252, 54 So. 845, Ann. Cas. 1913E, 345; Claughton v. Ford, supra.

▇▇ The value of the property awarded to the appellee was not definitely determined by the chancellor, nor are we able to determine that value from the record that we have before us on this appeal. The motion to correct the judgment so as to allow the five percent statutory damages provided for in Section 1971, Code of 1942, will therefore be sustained, and judgment will be entered here in favor of the appellee for the five percent damages on the value of the property at the time the

decree appealed from was entered in the court below, and the cause will be remanded to the court below for the ascertainment of the value in accordance with Section 1972, Code of 1942.

As to appellee's claim for damages for depreciation, and diminution in the value of the property caused by the destruction of the dwelling house by fire while the appeal to this Court was pending, there is nothing in the record that we now have before us (except appellee's motion to correct the judgment) to show the depreciation or diminution in the value of the property, or the nature or extent of the damages, if any, for which the appellant and the sureties on his supersedeas appeal bond may be liable. This Court has only appellate jurisdiction, and can hear and determine questions of law and of fact only when they are properly presented on appeal. And that part of appellee's motion which relates to her claim for damages for depreciation and diminution in the value of the property will be overruled without prejudice to the right of the appellee to take such action in the lower court, or to institute such original action or suit, as she may deem proper, against the appellant and the sureties on his supersedeas appeal bond for the recovery of such damages as she may be entitled to recover, if any, on account of such depreciation and diminution in the value of the property.

Motion to correct judgment sustained in part and overruled in part.

**McGehee, C. J.,** and **Lee, Arrington** and **Ethridge, JJ.,** concur.