RICHARDSON *v.* STOKES

No. 43676 November 15, 1965 180 So. 2d 153

*Laurel G. Weir,* Philadelphia, for appellant.

*Snow, Covington, Shows & Watts,* Meridian, for appellee.

BRADY, TOM P., J.

All errors assigned by the appellant have been carefully considered and are without merit. We note that the appellant failed in his assignment of errors to set out separately and particularly each error asserted and intended to be urged. To the contrary, he filed a carte blanche assignment of errors in which he urged that the court erred in sustaining every objection made by the appellee to evidence offered by the appellant, and in overruling every objection made by the appellant.

Although three instructions were separately and particularly set out as being erroneous, the appellant again, carte blanche, urged that the court erred in granting every instruction given to the appellee and in refusing every instruction to the appellant. This same general

method of assigning errors was utilized with reference to other errors assigned.

In spite of the fact we were not required to do so, this Court nevertheless considered all asserted errors, irrespective of whether they were specifically assigned or urged in appellant's brief. We call attention to Rule 6 of the Rules of the Supreme Court of Mississippi, which provides, among other things, as follows:

(T)he appellant shall file an assignment of errors which shall set out separately and particularly each error asserted and intended to be urged . . . .

(b) No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified.

The burden is upon an attorney to properly present his client's cause. Attorneys should follow carefully the requirements of Rule 6 in the briefing of cases. Of course, authorities must be cited in support of any alleged errors assigned. See Dozier v. State, 247 Miss. 850, 157 So. 2d 798 (1963); Johnson v. State, 154 Miss. 512, 122 So. 529 (1929); Bridges v. State, 154 Miss. 489, 122 So. 533 (1929).

We have carefully examined the record in this cause, together with the briefs filed by counsel representing the appellant and the appellee. The basic issues in this case were largely questions of fact relating to negligence. The jury, under proper instructions, returned a verdict in favor of appellee. The evidence is amply sufficient to support this verdict, and the judgment in this cause is hereby affirmed.

Affirmed.

*Ethridge, P. J., and Gillespie, Jones and Inzer, JJ.,* concur.