ROBERTSON, Justice.
The Chancery Court of Hancock County, Mississippi, on March 2, 1972, entered a final decree granting the complainant, Laura Herron Beam, a full, complete and absolute divorce from the defendant, Charles Adams Beam. The court also decreed :
“[Tjhat the peaceful possession of the home and outbuildings and the two acres immediately surrounding said home and outbuildings along with the furnishings in said home and outbuildings as they presently exist be and the same are hereby granted unto the complainant, without interference in any manner from the defendant and that said possession should be surrendered to the complainant on or before April 1, 1972.”
The decree was prepared by complainant’s attorney and, in accordance with Rule 37 of the Rules in Chancery adopted by the Chancellors of Mississippi on January 9, 1970, was submitted “to opposing counsel for criticism before presenting it to the Chancellor for his signature.” (Miss. Cases 244-248 So.2d at Page XXXIX).
No criticism or suggestion was made by the defendant’s attorney and the decree was signed by the Chancellor as prepared by complainant’s counsel.
*659 Appellant has appealed to this Court and his criticism and suggestion at this late date is that: “[T]his case should be reversed and remanded to the Chancery Court with instructions that a survey of the land be made to definitely ascertain the 2 acres mentioned in the final decree.”
Section 624, Griffith’s Mississippi Chancery Practice (2d ed., 1950), on the subject of “When and how a decree is drawn and submitted”, has this to say:
“[I]t is prepared and drawn up by the solicitor for the successful party and when so drawn up must first be submitted to opposing counsel, who if he have any objections to the manner in which it is drawn he must state them so that the proper corrections may be made before submitting the draft to the court. If the successful solicitor declines to make the suggested changes then the solicitor for the opposite party must bring the matter to the attention of the chancellor before the decree is signed. When the decree has been settled between the solictors it is then presented to the chancellor for his consideration and if no objections are made to it he usually examines it only casually and if apparently correct he signs it as written. He is entitled to depend largely on counsel and their good faith in this matter, and is under no obligation to consider a decree until it has been settled between the solicitors, save that if they cannot agree he will hear them and thereupon give definite directions as to the contents.” At pages 673-674. (Emphasis added.)
In a footnote at the bottom of page 674, Judge Griffith said:
“These are settled principles in equity: That a party who ha,s an opportunity seasonably to object and does not then do so, shall not be allowed to object later; that a party having the right to such a seasonable objection at an appropriate point in the procedure shall not be allowed to withhold the objection and lie in ambush to make it later; that equity does not take care of a party as to those matters respecting which he could have taken care of himself by ordinary diligence at the proper time and at the proper place — principles that have expression in a hundred ways throughout all equity procedure; and of course an equity case should not become a law case and lose the benefit of equitable principles on appeal. It is to be regretted therefore that we find here and there where an appellant in an equity case has been successful on appeal in taking advantage of some matter of the contents of a decree or the want of some item therein when it is apparent that he lay by the wayside and did not bring the matter to the attention of the chancellor before the decree was signed or. before adjournment of the term.” (Emphasis added.)
Defendant’s counsel admitted in oral argument before this Court that he did not criticize the form of the decree when presented to him by complainant’s counsel, and he gave as his reason that he was concerned only with representing his client, Mr. Beam. Appellant’s counsel should also realize that he is an officer of the court and owes a duty to the court to make seasonable objection to the form and content of the decree and to see that it is correct and in proper form before it is submitted to the chancellor for his approval and signature. It is not right for an attorney to lie in wait and attempt to ambush the judge. In all probability if his criticism of the decree had been made promptly to opposing counsel or to the court, then the decree could have been corrected and an appeal obviated.
After all, the main purpose was to give the appellee prompt and peaceful possession of the home and outbuildings. The appellant has continued to occupy the home and outbuildings and has deprived the ap-pellee of a place to live. She has been forced to rent another place.
The decree is affirmed and the case remanded to the Chancery Court for the as *660 certainment of damages suffered by appel-lee in being deprived of the peaceful possession of the home and outbuildings since April 1, 1972.
The chancellor should also insert in the decree a definite description of the two acres immediately surrounding the home and outbuildings, and should assess 5% damages as provided for in Section 1972, Mississippi Code 1942 Annotated (1956).
Affirmed and remanded.
GILLESPIE, C. J., and PATTERSON, INZER and WALKER, JJ., concur.