429 So.2d 917 (1983)
Edward M. LOWICKI
v.
Carol D. LOWICKI.
No. 53598.
Supreme Court of Mississippi.
April 6, 1983.
*918 Binder, Kirksey & DeLaughter, Alvin M. Binder, William B. Kirksey, Jackson, for appellant.
Watkins & Eager, James A. Becker, Jr., Jackson, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.

ON MOTION FOR ASSESSMENT OF STATUTORY DAMAGES
ROBERTSON, Justice, for the Court:

I.
On August 13, 1981, the Chancery Court of the First Judicial District of Hinds County, Mississippi, entered its final decree granting to Carol D. Lowicki a complete and absolute divorce from her husband, Edward M. Lowicki. That decree granted to Carol D. Lowicki, inter alia, the following relief:
(a) Permanent alimony to be paid at the rate of $3,000.00 per month;
(b) Lump sum alimony in the amount of $100,000.00, to be paid at the rate of $10,000.00 per year, the first of which payments was due on September 13, 1981;
(c) Child support to be paid at the rate of $500.00 per month per child  two children were born of the marriage between the parties;
(d) Possession of the home occupied by the parties during their marriage;
(e) Payment of the sum of $8,000.00 to be used by her for the purchase of an automobile; and
(f) Attorneys fees and related legal expenses in the aggregate amount of $3651.00.
Edward M. Lowicki appealed from said final decree to this Court which on February 2, 1983 affirmed. Lowicki v. Lowicki, 425 So.2d 1361 (Miss. 1983).
The matter is now before the Court upon the motion of Carol D. Lowicki for the assessment of statutory damages under the authority of Section 11-3-23 of the Mississippi Code Annotated (1972). The Court has received briefs from the parties on the issues tendered by the motion and, having considered same, the matter is now ripe for decision.

II.
The instant motion presents an important question of statutory interpretation. The legislature has given us Section 11-3-23, a statutory pegboard, all of the holes in which are round. Some of the pegs presented to us by Carol D. Lowicki seem square.
Section 11-3-23, in pertinent part, provides

*919 "In case the judgment or decree of the court below be affirmed, ... . the Supreme Court shall render judgment against the appellant for damages at the rate of fifteen percent (15%), as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property... . ."
Two general propositions are well established. First, insofar as by virtue of its terms it applies, the statute is mandatory. The award of statutory damages in cases within its scope is "mandatory not discretionary". Chrismond v. Chrismond, 213 Miss. 189, 193, 56 So.2d 482 (1952); Hart v. Catoe, 393 So.2d 1346, 1347 (Miss. 1981). If the case fits the statute and if the successful appellee so requests, the statutory damages must be awarded.
Second, the statute applies in divorce and other domestic relation cases. Chrismond v. Chrismond, supra; Beam v. Beam, 276 So.2d 658 (Miss. 1973). Nothing contained in the language of the statute or in any other resources available to us suggests any exclusion of divorce or domestic relations cases. We accordingly hold that the term "decree" as used in Section 11-3-23 includes decrees entered in domestic relations cases.

III.
Common sense and experience tell us that there are a variety of forms and types of monetary relief awarded in domestic relations cases. Variety in awards of possession of real and personal property are not uncommon. In these respects, the instant case is typical.
Our task is to determine which awards fit within Section 11-3-23 and which do not. We must judge which pegs are round and which are square. We are candid to admit that the legislative enactment provides us with little guidance on this point.
This Court has, with respect to a predecessor of Section 11-3-23, recognized that the statute
"[i]s universal and all-inclusive, and we cannot engraft exceptions to the express mandate of the legislature." Sellers v. City of Jackson, 221 Miss. 150, 176, 75 So.2d 265, 266 (1954).
Beyond this sort of general language in our prior opinions, we find little (beyond our own wits) to help us resolve the question of whether statutory damages should be allowed on permanent alimony and child support awards.
We recognize without hesitation that the legislature has the power to enact that an appellant in a domestic relations case may, upon affirmance of the decree below, be assessed with statutory damages to be determined as a fixed percentage of permanent alimony or child support. We hold, however, that it has not done so.
The statutory damage award is in the nature of compensation to the successful appellee for expenses incurred incident to the appeal  and for being put to all of the trouble of an appeal. Canal Bank & Trust Co. v. Brewer, 147 Miss. 885, 922, 114 So. 127, 128 (1927). No doubt the statute has been designed in part to discourage frivolous appeals. Still, the statute we construe here is by its very nature highly penal. Common sense suggests that it ought to be strictly construed against the party invoking it. McKendrick v. Lyle Cashion Co., 234 Miss. 325, 340, 106 So.2d 509, 511 (1958); M.T. Reed Construction Co. v. Martin, 215 Miss. 472, 481, 63 So.2d 528 (1953). Absent a more express legislative intent, the statute should not be construed to provide a windfall for appellee.
In view of these considerations, we hold that Section 11-3-23, when applied in domestic relations cases, applies to all decrees for a sum or sums of money or for the possession of real or personal property
(a) where the appellant has assigned on appeal an error which, if it had been sustained by this Court, would have resulted in a loss by appellee of the lower court's *920 award of the money or property (including any necessary repayments), and
(b) only
(1) where the decree affirmed by its terms contemplates complete performance by appellant in the immediate future, e.g., a single lump sum payment, or

(2) where any delay in performance provided in the decree is in substantial part for the benefit of appellant.

IV.

A.
Applying these principles to the case at bar, we find that several of the pegs tendered are round.
First, the lump sum alimony award decreed below is a "decree ... for a sum of money" within the meaning of the statute. Damages in the amount of $15,000.00 are, accordingly, awarded in favor of Carol D. Lowicki and against Edward M. Lowicki, to be paid at the rate of $1500.00 per year contemporaneous with the $10,000.00 periodic payments.[1]
Second, the two one time payments  $8,000.00 for a new car and $3651.00 for attorneys fees and legal expenses  are a "decree ... for a sum of money". Fifteen percent of the combined total of these, or $1747.65, should also be allowed as statutory damages.
Third, so much of the decree as awards Carol D. Lowicki possession of the home is a "decree ... for the possession of real ... property". Accordingly, Carol D. Lowicki is awarded damages in the amount of 15% of the fair market value of Edward M. Lowicki's interest in the home as of February 2, 1983.[2]

B.
The more difficult question is whether or not statutory damages should be awarded with respect to the $3,000.00 per month permanent alimony awarded and the child support of $500.00 per month per child. On the principles explained above, we hold that alimony and child support awards, contemplating as they customarily do periodic payments over a substantial period of time in the future, are not to be augmented or increased by the 15% statutory damage rule found in § 11-3-23. Accordingly, we decline to award damages on the permanent alimony granted Carol D. Lowicki or on the child support.

V.
We recognize again the paramount authority of the legislature in this matter. We expressly invite legislative consideration of the substantive questions presented here. Until the legislature acts further, however, that which we have provided here is, in our view, a fair and reasonable construction of the terms and provisions of Section 11-3-23 as applied in domestic relations cases.
MOTION FOR ASSESSMENT OF STATUTORY DAMAGES GRANTED IN PART AND DENIED IN PART.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS and PRATHER, JJ., concur.
DAN M. LEE, J., not participating.
NOTES
[1] The periodic payments provisions in the lump sum alimony award substantially benefits Edward M. Lowicki. Because it is to be paid over a period in excess of ten years, he may claim a federal income tax deduction. 26 U.S.C. § 71(c)(2).
[2] The statutory damages awarded here are to be computed by application of 15% of the principal amounts stated above excluding interest accrued or to accrue. Statutory damages must be paid in addition to and over and above interest.