HAWKINS, Presiding Justice,
for the Court:
This ease is before us on appeal by George Merritt from a summary judgment in favor of Magnolia Federal Bank for Savings, Ned G. Mclnnis, Jr., and Jonee M. Mclnnis in the Forrest County Chancery Court. In granting summary judgment for Magnolia Federal and the Mclnnises, the court held that Magnolia Federal had done all that was necessary to make an effective redemption of the Mclnnises’ property, that the bank’s offer within the statutory redemption period to pay all delinquent taxes took away the Forrest County Chancery Clerk’s power to issue a tax deed on the Mclnnises’ property, and that Merritt’s tax deed on the Mclnnises’ property was void. We affirm.
FACTS
The property involved in this suit consists of a house and .75 acres of land in Forrest County, Mississippi. The owners of this property are Ned G. Mclnnis, Jr., and his wife, Jonee M. Mclnnis. This .75 acres was originally part of a larger tract of land consisting of 4.15 acres, the owners of which were Ned Mclnnis, Jr.’s parents, Ned Mclnnis, Sr., and Nell Mclnnis. At present, Ned Mclnnis, Sr., and his wife Nell own a life estate in 3.4 acres of the original 4.15 acres, with a remainder in Ned Mclnnis, Jr., and his wife.
Magnolia Federal Bank for Savings has a first deed of trust on the .75 acres, and under its provisions Magnolia Federal is responsible for paying the ad valorem taxes.
On June 16, 1986, Magnolia Federal received a “Notice to Lienholder” from the Forrest County Chancery Clerk’s office and from the City of Hattiesburg that the .75 acres had been sold to George Merritt on September 17, 1984, for the nonpayment of the 1983 taxes and that the tax sale would mature on October 23, 1986, if not redeemed.
By affidavits presented to the court, Magnolia Federal stated that the day after receiving this notice Mary Hooks, Tax Supervisor and Assistant Secretary at Magnolia Federal, phoned both the city and county tax offices and discovered that since 1983 the bank had been receiving and paying the tax bill for the 3.4 acres of land in which Ned Mclnnis, Sr., and Nell Mclnnis were life tenants. Magnolia Federal had no lien on this property.
*748 Hooks stated that after discussing the matter with the city and county tax offices on June 17, 1986, she called Doris Rolph at the City Clerk’s office and offered to re-, deem and pay the 1983, 1984, and 1985 city taxes on the .75 acre tract. Rolph told Hooks what Magnolia Federal owed on the Mclnnises’, Jr., property and Magnolia-Federal sent the city a check. Magnolia Federal received a release from the city on June 26, 1986. There is no dispute concerning Magnolia Federal’s redemption of the city taxes.
Hooks also called Marc Boutwell, a Deputy Chancery Clerk at the Forrest County Chancery Clerk’s office, on June 17, 1986, and offered to redeem and pay the 1983, 1984,. and 1985 county taxes on the .75 acre tract. Hooks said that the deputy chancery clerk told her that someone had already paid the 1983 county taxes. Therefore, Boutwell only told Hooks the amounts owing for the 1984 and 1985 county taxes on the Mclnnises’s property. Magnolia Federal sent the county a check for the 1984 and 1985 taxes. The bank received a release from the county on June 27, 1986 for the 1984 and 1985 taxes. The 1983 county taxes remained unpaid.
On October 23, 1986, the Forrest County Chancery Clerk executed a tax deed to George Merritt.
On May 5, 1987, Magnolia Federal filed suit to clear their title on .75 acres belonging to Ned Mclnnis, Jr., and his wife.[1] In its complaint, Magnolia Federal asked the court to declare Merritt’s tax deed void and to set aside any interests Merritt had in the property.
Merritt answered the complaint and also filed a counterclaim and a cross claim, seeking to confirm his title under the tax deed.
On September 4, 1987, Magnolia Federal filed a motion for summary judgment. Along with its motion, Magnolia Federal submitted the affidavits of Mary Hooks; Forrest County Deputy Chancery Clerk Marc Boutwell; and Forrest County Chancery Clerk Jimmy Havard. In her affidavit, Hooks set forth the facts as stated above. Boutwell’s affidavit stated that he had no independent recollection of Hooks’ phone call and that he could present nothing to contradict or confirm Hooks’ statement. Havard stated that it was standard practice for Deputy Clerks in the Forrest County Chancery Clerk’s office to discuss tax sale information over the telephone with owners and mortgagees of real property and that neither he nor any employee in his office had any independent recollection regarding the substance of Hooks’ and Boutwell’s affidavits. Havard also stated that he knew of no information to contradict or confirm the affidavits.
George Merritt filed no affidavits of his own to oppose the motion for summary judgment. However, he did file the deposition of Hooks and a brief to support his opposition to the motion. Hooks’ deposition and affidavit were consistent.
The Forrest County Chancery Court granted summary judgment for Magnolia Federal on March 9, 1988. The court found that Magnolia Federal had attempted to redeem the property and that it was the clerk’s error or oversight that prevented the redemption. The court further held that since Magnolia Federal attempted to redeem the Mclnnises’ property, the chancery clerk had no lawful authority to execute a tax deed to George Merritt.
LAW
In this case there has been no contention that the tax sale of the Mclnnises’ .75 acres was void either because the property was incorrectly assessed or that the property was incorrectly described in the tax sale. See Miss.Code Ann. § 21-33-15, § 21-33-59, § 27-35-61 (1972); Miss.Code Ann. § 27-35-49 — 27-35-53 (Supp.1990).
*749 The only issue in this case is whether the chancery clerk, in light of Magnolia Federal’s efforts to redeem the Mclnnises’ property, had the legal authority to execute a tax deed to George Merritt.
Section 27-45-3 of the Miss.Code Ann. (1972) provides in pertinent part that “[t]he owner, or any persons for him with his consent, or any person interested in the land sold for taxes, may redeem the same ... within two years after the day of sale.” Section 27-43-1 of Miss.Code Ann. (Supp. 1990) mandates that before executing a tax deed to a purchaser at a tax sale, the clerk of the chancery court must send notice to the landowner whose land was sold “within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption”. If the owner does not redeem his property before the expiration of the two year statutory period, the clerk has authority to execute a tax deed. The law thus requires the chancery clerk to send written notice of the tax sale to the landowner and for the clerk to allow the landowner two years to redeem his property from the tax sale before executing a tax deed on the property.
It is clear that the Forrest County Chancery Clerk complied with sections 27-45-3 and 27-43-1 of the Mississippi Code. However, our inquiry does not end here.
It is well settled in this state that when a landowner appears in the clerk’s office ready, able, and willing to pay the money required to redeem his property and the clerk either arbitrarily or unintentionally refuses the offer, the clerk loses his lawful authority to execute a tax deed on the property. Brannon v. Lyon, 86 Miss. 401, 38 So. 609 (1905); McLain v. Meletio, 166 Miss. 1, 147 So. 878 (1933); Kelly v. Coker, 197 Miss. 131, 19 So.2d 519 (1944); Beauchamp v. McLauchlin, 200 Miss. 83, 25 So.2d 771 (1946); McNatt v. Hyman, 204 Miss. 824, 38 So.2d 107 (1948); James v. Tax Inv. Co., 206 Miss. 605, 40 So.2d 539 (1949); and Levy v. McKay, 445 So.2d 546 (Miss.1984). As this Court stated in James v. Tax Inv. Co., 40 So.2d at 543:
[I]t [has been] held that statutes allowing land to be redeemed from tax sales are to be liberally construed in favor of the person seeking to redeem, and that an owner’s offer to redeem from any and all tax sales within the redemption period with sufficient money upon his person with which to effect such redemption, includes every form of taxes and takes away from the taxing authorities the power to convey title to any one else pursuant to tax sales from which no redemption had actually been accomplished by reason of neglect or otherwise of the custodian of the tax sale records.
This Court has also held that:
It is the settled law of this state that the purchaser of a tax title is not an innocent purchaser for value, but takes title subject to all its infirmities, (citations omitted)
Id., 40 So.2d at 544.
Summary judgment should be sparingly granted, especially in non-jury chancery court proceedings where little if any more time would be required to hear the case. Brown v. Credit Center, Inc., 444 So.2d 358, 363 (Miss.1983); Smith v. Sanders, 485 So.2d 1051, 1054 (Miss.1986). Here, however, we find that the Forrest County Chancery Court properly entered summary judgment. No more proof could have been offered at trial. Merritt does not suggest that any more proof would be offered at trial than was offered here. It is clear that Magnolia Federal was able to pay the cost of redemption and was ready and willing to do so. Magnolia Federal would have paid 1983 county taxes just as it paid the delinquent city taxes and the delinquent county taxes for 1984 and 1985 if the clerk had not informed them that someone had already redeemed the 1983 county taxes. Furthermore, the fact that Hooks telephoned the clerk’s office for information concerning the tax sale and the amounts necessary for redemption of the property rather than going in person to the clerk’s office makes no difference.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.
*750 DAN M. LEE, P.J., concurs in result only.
ANDERSON, J., not participating.

. Magnolia Federal named George Merritt, Ned Mclnnis, Jr., Jonee Mclnnis, Trustmark National Bank, and Trustmark's trustee J. Kearney Travis as defendants. The court dismissed Trustmark and its trustee. The court also allowed Ned Mclnnis, Jr., and Jonee Mclnnis to join as party plaintiffs. Both Ned Mclnnis, Jr., and Jonee Mclnnis filed counterclaims against Magnolia Federal for indemnification for all losses should the court find in favor of Merritt.