HAWKINS, Presiding Justice.
On December 19, 1990, this Court affirmed the summary judgment granted by the chancery court of Forrest County can-celling a tax deed to George Merritt as a cloud on the title of Ned G. Mclnnis, Jr., and Jonee M. Mclnnis to a lot in Hatties-burg. Merritt v. Magnolia Fed. Bank for Sav., 573 So.2d 746 (Miss.1990).
This realty was under a deed of trust in favor of Magnolia Federal Bank for Savings (the bank), which under the terms of the deed of trust was required to pay the city and county ad valorem taxes. The bank was the plaintiff in the complaint to set aside and cancel the tax deed to Merritt. Merritt filed a counterclaim to confirm title to his tax deed.
The summary judgment dismissed Merritt’s counterclaim with prejudice, and also cancelled, set aside and held for nought the tax deed to Merritt.
Merritt paid the costs of appeal and duly perfected his appeal without supersedeas.
Following our affirmance, the bank has filed a motion for the statutory penalty under Miss.Code Ann. § 11-3-23 (Supp. 1990), or in the alternative damages for Merritt’s filing a frivolous appeal under Rule 38 of the Mississippi Supreme Court Rules.
LAW
Miss.Code Ann. § 11-3-23[1] is a penal statute and as such is strictly construed against the movant. McKendrick v. Lyle Cashion Co., 234 Miss. 325, 337, 106 So.2d 509 (1958); M.T. Reed Const. Co. v. Martin, 215 Miss. 472, 63 So.2d 528 (1953); Firestone Tire & Rubber Co. v. Fried, 202 Miss. 370, 32 So.2d 454 (1947); Canal Bank and Trust Co. v. Brewer, 147 Miss. 885, 113 So. 552, 114 So. 127 (1927).
As we noted in McGee v. Clark, 346 So.2d 914 (Miss.1977), the statute has several applicable categories. In event of af-firmance or failure to prosecute the appeal, the statute requires this Court to render judgment against the appellant at the rate of fifteen percent (15%) as follows:
1. If the judgment be for a sum of money, the damages shall be upon such sum.
2. If the judgment be for the possession of real or personal property, the damages shall be assessed on the value of the property.
3. If the judgment be for the dissolution of an injunction, or other restraining process, the damages shall be computed on the amount due the *422 appellee which was enjoined or restrained.
4. If the judgment be for the dissolution of an injunction or other restraining process as to certain real or personal property, or a certain interest in property, or be a judgment for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or establish a lien or charge or claim upon some interest in property, and the only matter complained of on appeal is the judgment as to some particular property or claim on it, the damages shall be computed on the value of the property or the interest in it, if the value of the property or interest in it be less than the judgment against it; but if the value of the property or interest be greater than the amount of the judgment against it, the damages shall be upon the amount of the judgment.
The statute concludes by exempting a condemnee appealing a judgment from an eminent domain court.
It is thus clear that if the statutory penalty applies, it must be under the second category. Was the summary judgment one for the “possession” of real property? We find that it was not.
It was, of course, a judgment affecting title to the property, which in turn carries with it the right of possession in the person adjudged to hold fee simple title. Thompson v. Kreutzer, 112 Miss. 165, 72 So. 891 (1916); 73 C.J.S. Property, § 17 (1951).
While the end result of this case would determine who had the right to, and who ultimately possessed this realty, neither the bank in its suit nor Merritt in his counterclaim sought to disturb the immediate possession of this realty. This was not an action in ejectment, Miss.Code Ann. § 11-19-1 (1972), in which the judgment would have been for possession. McBride v. Burgin, 142 Miss. 859, 108 So. 148, motion to correct judgment sustained by 143 Miss. 596, 108 So. 811 (1926). And, insofar as this record shows, Mr. and Mrs. Mclnnis never had their possession disturbed in any manner.
The bank in its motion cites as authority for the statutory penalty Hart v. Catoe, 393 So.2d 1346 (Miss.1981). That case in turn relied upon two cases, McBride v. Burgin and Chrismond v. Chrismond, 213 Miss. 189, 56 So.2d 482 (1952), in assessing the statutory penalty. In both cases the appeal deprived the appellee of possession of the realty. An examination of McBride v. Burgin, reveals it was an affirmance of an ejectment judgment in which the statute clearly applies. In Chrismond the chancery court in an annulment suit had set aside and awarded unto the wife as her share of the property a specific parcel of realty acquired through the joint efforts of herself and her husband. The chancellor directed the husband to execute a deed to the wife. He appealed with supersedeas, thereby preventing her from acquiring either the deed or possession of the realty. This Court held upon affirmance that the wife was entitled to the statutory penalty. Hart v. Catoe, insofar as it is contrary to our present holding, is therefore overruled.
The judgment of the chancery court in no way affected the immediate possession of realty. The judgment did not deprive the McGinnises of possession, nor did it prevent them from acquiring possession of that which they owned. The language of the statute containing no specific provision for damages in a suit to cancel a cloud on title, the motion for the statutory penalty is overruled.
We find no merit to the bank’s charge that the appeal in this case was frivolous, and the motion for damages under our Rule 38 is likewise overruled.
MOTION OVERRULED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
BANKS and MeRAE, JJ., not participating according to Supreme Court Internal Rules.

. The full statute reads:
§ 11-3-23. Judgment for damages against appellant on affirmance of judgment or on failure to prosecute appeal — computation.
In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%), as follows: If the judgment or decree affirmed be for a sum of money, the. damages shall be upon such sum. If the judgment or decree be for possession of real or personal property, the damages shall be assessed on the value of the property. If the judgment or decree be for the dissolution of an injunction or other restraining process at law or in chancery, the damages shall be computed on the amount due the appellee which was enjoined or restrained. If the judgment or decree be for the dissolution of an injunction or other restraining process as to certain property, real or personal, or a certain interest in property, or be a judgment or decree for the sale of property, or some interest in it, to satisfy a sum out of the proceeds of sale, or to enforce or establish a lien or charge or claim upon or some interest in property, and the only matter complained of on appeal is the decree as to some particular property or claim on it, the damages shall be computed on the value of the property or the interest in it, if the value of the property or interest in it be less than the judgment or decree against it; but if the value of the property or interest in it be greater than the amount of the judgment or decree against it, the damages shall be upon the amount of the judgment or decree; provided, however, the above penalty shall not be assessed against any condemnee appealing from a special court of eminent domain in any circumstances. (Emphasis added)