IN THE SUPREME COURT OF MISSISSIPPI
NO. 93-CA-01103-SCT

*PATRICIA BOYD BENSON*

*v.*

*GARY WAYNE BENSON*

## ON MOTION TO AMEND OR CORRECT MANDATE

ATTORNEY FOR APPELLANT:  LESLIE R. BROWN

ATTORNEYS FOR APPELLEE:  JAMES A. BECKER, JR.

           SUSAN LATHAM STEFFEY

NATURE OF THE CASE:    CIVIL - DOMESTIC RELATIONS

DISPOSITION:       GRANTED IN PART; DENIED IN PART - 10/21/1999

MOTION FOR REHEARING FILED:

MANDATE ISSUED:

# EN BANC.

# BANKS, JUSTICE, FOR THE COURT:

## STATEMENT OF THE CASE

¶1. Following our affirming the appeal in this matter, Gary Wayne Benson filed a Motion to Amend or Correct the Mandate in this matter asking the mandate be amended to show that he is entitled to collect the statutory damages and interest awarded in the original mandate. We grant in part and deny in part

## FACTS

¶2. Gary Wayne Benson was granted a divorce from Patricia Boyd Benson by the Hinds County Chancery Court on the grounds of constructive desertion. Patricia appealed arguing that the trial court erred in granting Gary the divorce on the grounds of constructive desertion and in not awarding her a divorce on the grounds of adultery and cruel and inhuman treatment. Additionally she argued that the $250,000 lump sum alimony awarded to her was insufficient, and the trial court erred in not awarding her attorney's fees. Gary cross-appealed arguing the chancery court erred in awarding Patricia the $250,000 lump sum alimony and in not giving him credit for separate maintenance payments made to Patricia.

¶3. We affirmed the case in an unpublished opinion, and Patricia filed a Motion for Rehearing which was denied. We then issued a mandate which stated in relevant part, "[s]tatutory penalty and interest are awarded. Appellant is taxed with all costs of this appeal." Gary subsequently filed a Motion to Correct or Amend the Mandate asking that we amend the mandate to provide specifically that he is entitled to collect the statutory penalty and interest from Patricia. A response was filed by Patricia arguing that she is entitled to collect the statutory penalty from Gary.

## LAW

¶4. Miss. Code Ann. § 11-3-23 (1991) provides in relevant part:

> In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%), as follows: If the judgment or decree affirmed be for a sum of money, the damages shall be upon such sum. . . .

The statutory penalty only applies to unconditional affirmances. *Greenlee v. Mitchell*, 607 So. 2d 97 (Miss. 1992). In domestic cases, the statutory penalty may be assessed against awards of lump sum alimony. *Lowicki v. Lowicki*, 429 So. 2d 917, 919-20 (Miss. 1983). "[T]he award of statutory damages is mandatory, not discretionary." *Johnson v. Black*, 480 So. 2d 519, 521 (Miss. 1985) (citations omitted) . If a cross-appeal is unsuccessful, but the direct appeal is affirmed, then the appellee is entitled to the statutory penalty because the appellant initiated the appellate process. *Peoples Bank & Trust v. L. & T. Dev.*, 437 So. 2d 7, 10 (Miss. 1983). "If a plaintiff recovers a judgment against a defendant, appeals, and the judgment is affirmed, plaintiff is assessed . . . . damages on the amount of the judgment appealed from. *Pearce v. Ford Motor Co.*, 235 So. 2d 281 (Miss. 1970)." *Wallace v. Jones*, 360 So. 2d 932, 933-34 (Miss. 1978).

¶5. In the present case, Patricia was awarded lump sum alimony in the amount of $250,000 by the chancery court-an award to which the statutory penalty applies. The appellate process was initiated by Patricia when she filed her Notice of Appeal challenging the judgment of the chancery court. Gary filed a cross-appeal, but did not initiate the appellate process. Finally the case was unconditionally affirmed by this Court, and therefore the penalty in this case is to be assessed against the $250,000 lump sum alimony judgment appealed by Patricia.

¶6. In appealing her case, Patricia sought more alimony, not less. In the end however, Patricia has ended up with less alimony than she was originally awarded. The legislature has not yet seen fit to except such appeals from the application of the statute, and therefore we are left without any option but to hold that the statute applies in the present case. "The statute [i]s universal and all-inclusive, and we cannot engraft exceptions to the express mandate of the legislature. *Sellers v. City of Jackson*, 221 Miss. 150, 176, 75 So. 2d 265, 266 (1954)." *Lowicki*, 429 So. 2d at 919. We expressly invite legislative review of the questions presented herein, but until such time as the legislature acts, we are duty bound to apply the penalty in such cases.

¶7. Gary also argues that he is entitled to deduct interest from his remaining payments of lump sum alimony. Clearly this argument is without merit. Interest is a separate assessment from the statutory penalty. *Lowicki*, 429 So. 2d at 920. The record shows that the chancery court granted Gary's motion to stay certain lump sum alimony payments pending resolution of this appeal. The chancery court however did not stay the periodic alimony payments. As a result of the chancery court staying the payments of lump sum alimony, Gary has enjoyed the benefit and use of the money, while Patricia has been deprived of its use and benefit. Common sense and equity dictate that Patricia is entitled to collect interest on the alimony payments which have not yet been made. Gary could have avoided the accrual of interest by paying the alimony into the lower court. *Porter v. Ainsworth*, 288 So. 2d 709, 710 (Miss. 1974).

## CONCLUSION

¶8. Finding we are left with no other option, we hold in this case that the statutory penalty of fifteen percent is to be assessed against Patricia Benson's $250,000 lump sum alimony judgment. We expressly invite the legislature to review the questions presented herein and act as it may deem appropriate. We further find that Patricia Benson is entitled to collect the interest which has accrued on any alimony payments which have not yet been made by Gary Benson.

¶9. **MOTION GRANTED IN PART AND DENIED IN PART.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**