I concur in the majority's opinion affirming the summary judgment finding the Governor's attempt to partially veto House Bills 1613 and 1502 a nullity. I would have hoped the majority would have ended the matter there.
The summary judgment also held that the Governor's attempt to amend 27 appropriation bills was a nullity. In his brief on appeal, the Governor made no attempt to challenge the correctness or validity of the judgment holding he had no such authority. This is a clear acknowledgement by the appellant that the chancellor was correct in his decision. This should end the matter insofar as this issue is concerned, and there is no occasion, warrant, necessity or authority to write an opinion as to which there is no controversy.
There are compelling reasons based upon centuries of experience why appellate courts only address those issues necessary to decide the case before them. First, that is the limit of their legitimate authority; they have no authority to make pronouncements of law outside the issues actually presented for decision. Second, their time is precious and scarce, and must be carefully husbanded to take care of the needs of hundreds of litigants seeking to be heard. This is especially true with this Court.
The majority's citation of Strong v. Bostick, 420 So.2d 1356
(Miss. 1982), its authority — and incidentally its only authority to support its position — is incongruous. In Strong both sides had submitted briefs, and the issue was controverted on appeal when the appellees, who had won in the lower court, sought to dismiss the case as moot. Had this Court sustained the motion to dismiss, the appellees would have won. Here we have the loser making no issue whatever in his brief that the chancellor erred in that part of the decree finding the Governor had no authority to amend the 27 appropriation bills.[1]
The majority does concede a difference between the appeal posture in Strong and here, but somehow find the 180-degree variance between the two a distinction without a difference.Majority Opinion, at pp. 1001-02.
There is a vast difference between an appellee who has won in the lower court seeking a dismissal of the appeal because of mootness and a losing appellant. The former thereby wins his case, and is free to continue conduct which won approval in the trial court. But, the appellant who has lost has had his conduct condemned; there is a lawful *Page 1005 
judgment or decree against him, and I find it difficult to grasp that any responsible individual will repeat conduct condemned by a judgment from which he took no appeal. It is an amazing denigration of the authority of a chancery court for this Court to pronounce that a citizen may feel free to ignore its decree. (Yet somehow pay attention to us!) Majority Opinion, at p. 1001. The courts of this State are not precatory jawboners.
Our decisions are legion that this Court does not address issues not raised by the appellant in his brief. Greenlee v.Mitchell, 607 So.2d 97 (Miss. 1992); R.C. Petroleum, Inc. v.Hernandez, 555 So.2d 1017 (Miss. 1990); Wood v. Gulf StatesCapital Corp., 217 So.2d 257 (Miss. 1968); Richardson v.Stokes, 254 Miss. 71, 180 So.2d 153 (1965); Chrismond v.Chrismond, 213 Miss. 189, 56 So.2d 482 (1952); E.L. Bruce Co.v. Brogan, 175 Miss. 208, 166 So. 350 (1936). Why the change here? Suppose the Governor, having lost in the chancery court, had simply chosen not to appeal? Would we have gone ahead and decided the case on appeal, anyway? Or suppose, having perfected his appeal, he had simply moved to dismiss it entirely, or failed to pursue it? Would we have gone ahead and addressed the issues, anyway? I was always of the impression that an appellant could at any stage acknowledge the correctness of the lower court by brief or motion, or failure to complain in his brief. Such concession has invariably been followed by a sigh of relief by opposing counsel (and also by this Court) for being relieved of time-consuming research and writing, not by an insistence by opposing counsel that we go ahead and address it, anyway.
Even more serious, which the majority also ignores, is the almost sacrosanct principle that no Constitutional question is addressed unless necessary for a decision in the case. Tribou v.Gunn, 410 So.2d 378 (Miss. 1982); Dixie Electric Power Ass'n v.Hosey, 208 So.2d 751 (Miss. 1968); Broadhead v. Monaghan,238 Miss. 239, 117 So.2d 881 (1960).
The hallmark of any Supreme Court should be restraint. Moreover, the majority's addressing this issue is doubly unfortunate because we are taking the highest official in the Executive Branch to task for exceeding his lawful authority, and yet we blatantly breach the appropriate bounds of an appellate decision. This makes the majority's preamble quote from State v.Holder, 76 Miss. 158, 23 So. 643 (1898), of rather dubious sincerity.
In short, the Governor did not address the matter of the 27 appropriation bills in his brief, and neither should we.
PRATHER, P.J., joins this opinion.
DAN M. LEE, P.J., and SMITH, J., join in part.
[1] Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350, 352 (1975), supports this dissent; there a moot case was dismissed. Also, the appellee sought dismissal.