# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 98-CA-00369-SCT

*SAMMY CALHOUN, BY AND THROUGH HIS NATURAL MOTHER AND NEXT FRIEND, DORTHEA CALHOUN*

*v.*

*ELLISVILLE STATE SCHOOL, A DEPARTMENT OR AGENCY OF THE STATE OF MISSISSIPPI; THE STATE OF MISSISSIPPI, BY AND THROUGH THE DEPARTMENT OF MENTAL HEALTH; AND JOHN DOE, AN INDIVIDUAL AND EMPLOYEE OF ELLISVILLE STATE SCHOOL*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/1998 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN HERR MUSSER, IV |
| | RUSSELL S. GILL |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MAUDINE G. ECKFORD |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | VACATED AND REMANDED - 4/15/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/6/99 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. The complaint alleges that appellant Sammy Calhoun (hereinafter Calhoun) is a profoundly mentally retarded resident of the Ellisville State School and has been since 1976 when he was committed by his mother at the age of twelve. It further alleges that on or about September 1, 1990, Calhoun was discovered by an unknown person in apparent severe pain resulting from a blow or blows inflicted upon him by an as yet unknown employee of the Ellisville State School, who was designated in this complaint as John Doe. It is also alleged that Calhoun was subsequently admitted to South Central Regional Medical Center with the diagnosis of a ruptured spleen secondary to a blunt abdominal trauma and anemia secondary to blood loss from blunt abdominal trauma.

¶2. The complaint alleged negligent hiring; negligence of the State of Mississippi, acting by and through the

Department of Mental Health; and negligence of defendant John Doe. Calhoun seeks compensatory damages in the amount of $1,250,000 and punitive damages in the amount of $500,000.

¶3. Ellisville State School filed a motion to dismiss and to hold discovery in abeyance on September 30, 1993. After hearing oral arguments from counsel of both parties, reviewing the court file, as well as reviewing the briefs submitted, the Honorable Billy J. Landrum, Circuit Judge, granted Ellisville State School's motion to dismiss.

¶4. Calhoun appeals this order granting Ellisville State School's motion to dismiss raising the following assignments of error on appeal:

> **I. WHETHER OR NOT NEGLIGENCE OR FAULT IN THE CARE, CUSTODY AND CONTROL OF AN INTERDICT BY THE ELLISVILLE STATE SCHOOL OR THE DEPARTMENT OF MENTAL HEALTH IS A PROPRIETARY FUNCTION?**
>
> **II. IF SUCH NEGLIGENT OR FAULTY CARE AND CUSTODY OF AN INTERDICT IS A PROPRIETARY FUNCTION, WHETHER OR NOT A DAMAGE CAUSING INCIDENT WHICH OCCURRED ON OR ABOUT SEPTEMBER 1, 1990, IS BARRED BY THE DOCTRINE OF SOVEREIGN IMMUNITY?**

## DISCUSSION OF LAW

¶5. This Court does not reach these issues as the trial court erred by not inquiring into whether the Ellisville State School waived any immunity it may have had by carrying liability insurance at the time of the accrual of this action. This Court, in *Churchill v. Pearl River Basin Development Dist.*, 619 So.2d 900 (Miss., 1993), overruled a previous line of cases that stated that sovereign immunity was not waived by the purchase of liability insurance. *Id.* at 905. In *Churchill*, this Court held:

> We find that *French* and its progeny perpetuate[] the ill-advised policy of eschewing the notion that an insurance company is accountable for that which it has been paid a premium. Thus, we overrule *French* and hold that the Pearl River Basin Development District is amenable to suit to the extent of coverage of any liability policy or indemnification plan.

619 So. 2d at 905.

¶6. The record is silent as to whether Ellisville State School carried liability insurance at the time of accrual of the alleged cause of action here. Therefore, this case must be remanded to the circuit court for a determination as to whether Ellisville State School had liability insurance, thereby waiving any sovereign immunity up to those policy limits.

## CONCLUSION

¶7. This is a pre-tort claims act case. This cause of action accrued on or about September 1, 1990, and therefore, the law as it existed prior to the *Pruett v. City of Rosedale*, 421 So.2d 1046 (Miss., 1982), decision controls. If the Ellisville State School was covered by liability insurance at the time these alleged incidents occurred, then any sovereign immunity will be waived up to those policy limits. Accordingly, the judgment of the Jones County Circuit Court is vacated, and this case is, therefore, remanded to the Jones County Circuit Court for a determination of whether such liability insurance was present at the time of the

accrual of this cause of action and for any necessary further proceedings consistent with this opinion.

¶8. **VACATED AND REMANDED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, MILLS AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION. COBB, J., NOT PARTICIPATING.**

**SMITH, JUSTICE, DISSENTING**:

¶9. I dissent because the majority bases its opinion on an issue not raised in the briefs nor even argued to the trial court. This Court does not address issues not raised by the appellant in his brief. *See* M.R.A.P. 28(a)(3); *Greenlee v. Mitchell*, 607 So.2d 97 (Miss.1992); *R.C. Petroleum, Inc. v. Hernandez*, 555 So.2d 1017 (Miss.1990); *Wood v. Gulf States Capital Corp.*, 217 So.2d 257 (Miss.1968); *Richardson v. Stokes*, 254 Miss. 71, 180 So.2d 153 (1965); *Chrismond v. Chrismond*, 213 Miss. 189, 56 So.2d 482 (1952); *E.L. Bruce Co. v. Brogan*, 175 Miss. 208, 166 So. 350 (1936). All the record reveals is that Calhoun filed Interrogatories and Requests for Admissions along with the Complaint. Interrogatory #3 and #13 specifically address the issue of insurance carried by the School. Calhoun's Request for Production of Documents #2 calls for all policies of insurance carried by the School. However, Calhoun never argued that liability insurance waived sovereign immunity to the trial court, nor did she raise the issue in her briefs to this Court.

¶10. Finally, in the recent case of *Foster v. Noel*, 715 So.2d 174 (Miss. 1998), this Court held that slander *per se* was "irrelevant for present purposes because that issue--that tort--is **not before this Court**, " because "Noel (plaintiff) sued Yazoo City for false arrest, not slander or any. . . other torts." *Id.* at 179 (emphasis added). The same logic applies in the case *sub judice*. For whatever reason, Calhoun chose not to make the argument either to the trial court or to this Court that liability insurance waived sovereign immunity. Therefore, in accord with our case precedent and our rule of appellate procedure, the issue of liability insurance waiving sovereign immunity is not before this Court, and thus, should not be considered on appeal.

¶11. I respectfully dissent.