## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 98-CT-00471-SCT

*DONALD SCOTT MURRAY*

*v.*

*SARA BAILEY MURRAY*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/1998 |
| TRIAL JUDGE: | HON. PAT WISE |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JAMES D. BELL |
| | EDUARDO ALBERTO FLECHAS |
| ATTORNEYS FOR APPELLEE: | W. DAVID ROSS |
| | REX FOSTER |
| | MARK A. CHINN |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED IN PART - 01/13/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/3/2000 |

## EN BANC.

## PRATHER, CHIEF JUSTICE, FOR THE COURT:

¶1. Donald Scott Murray filed for motion for modification of his alimony obligations. The chancery court denied the motion, and Donald appealed. The case was assigned to the Court of Appeals, which unconditionally affirmed. *Murray v. Murray*, No. 98-CA-00471-COA, 1999 WL 263615 (Miss. Ct. App. May 4, 1999). Sara Bailey Murray filed a Motion to Impose Statutory Damages which was subsequently denied by the Court of Appeals. Sara then filed a Motion for Reconsideration which the Court of Appeals also denied. Sara then filed a Petition for Writ of Certiorari which this Court granted. Because we find that the Court of Appeals erred in not applying the statutory damages to Sara's award of attorney's fees, this Court affirms in part and reverses in part.

### I. FACTS

¶2. Donald and Sara Murray were married on May 31, 1980. They were subsequently granted a divorce on March 28, 1994, based on irreconcilable differences. As part of the final judgment, Donald was ordered to pay $4,000 per month in child support and $2,000 per month lump sum alimony.

¶3. Donald subsequently sought to have portions of the final judgment modified based on his alleged reduction in income. The chancery court determined that the lump sum alimony provision could not be modified, but found that there had been a substantial and material change in circumstances and reduced the child support payments to $2,736 per month.

¶4. Approximately one year later, Donald again sought modification of the final judgment in order to have his child support and alimony payments reduced. Sara filed a counter-motion seeking an increase in child support payments and attorney's fees. The trial court found that the that the alimony was lump sum alimony, and therefore could not be modified. The chancery court further denied Donald's request for modification of the child support payments, and awarded Sara partial attorney's fees in the amount of $9,000.

¶5. Donald appealed, and his case was assigned to the Court of Appeals. Sara requested that she be awarded double costs and attorney's fees for having to defend a frivolous appeal. The Court of Appeals unconditionally affirmed and denied Sara's motion for double costs and attorney's fees. Sara then filed a Motion for Award and Judgment of Statutory Penalty which was denied by the Court of Appeals. She then filed a Motion to Reconsider with the Court of Appeals. The Court of Appeals found that the judgment was not for a sum of money as contemplated by Miss. Code Ann. § 11-3-23 (1991), and; therefore, denied the motion. Sara subsequently filed a Petition for Writ of Certiorari which this Court granted.

## II. ANALYSIS

¶6. Sara argues that the decision of the Court of Appeals is in conflict with *Lowicki v. Lowicki*, 429 So. 2d 917 (Miss. 1983). In response, Donald argues that the judgment below was not a judgment for money, but rather was one which denied his motion to modify the payments, and therefore, under *Lowicki*, Sara is not entitled to collect statutory damages from him. In addition, Donald argues that the statutory damages should not be assessed against Sara's award of $9,000 in attorney's, fees because *Lowicki* involved the assessment of statutory damages following an initial decree of divorce in which a money judgment was awarded, whereas the present case involves an appeal from the denial of his motion to modify in which there was no money judgment awarded.

¶7. In *Lowicki v. Lowicki*, 429 So. 2d 917 (Miss. 1983), Edward Lowicki appealed the decision of the Hinds County Chancery Court granting Carol Lowicki a divorce and awarding her, inter alia, permanent and lump sum alimony, child support and attorney's fees. This Court affirmed, and Carol filed a motion for assessment of statutory damages. *Lowicki* at 918. There we held:

> First, the lump sum alimony award decreed below is a "decree ... for a sum of money" within the meaning of the statute. Damages in the amount of $15,000.00 are, accordingly, awarded in favor of Carol D. Lowicki and against Edward M. Lowicki, to be paid at the rate of $1,500.00 per year contemporaneous with the $10,000.00 periodic payments.
>
> **Second, the two one time payments--$8,000.00 for a new car and $3,651.00 for attorneys fees and legal expenses--are a "decree ... for a sum of money." Fifteen percent of the combined total of these, or $1,747.65, should also be allowed as statutory damages.**
>
> Third, so much of the decree as awards Carol D. Lowicki possession of the home is a "decree ... for the possession of real ... property". Accordingly, Carol D. Lowicki is awarded damages in the amount of 15% of the fair market value of Edward M. Lowicki's interest in the home as of February 2, 1983.

B.

The more difficult question is whether or not statutory damages should be awarded with respect to the $3,000.00 per month permanent alimony awarded and the child support of $500.00 per month per child. On the principles explained above, we hold that alimony and child support awards, contemplating as they customarily do periodic payments over a substantial period of time in the future, are not to be augmented or increased by the 15% statutory damage rule found in § 11-3-23. Accordingly, we decline to award damages on the permanent alimony granted Carol D. Lowicki or on the child support.

*Lowicki* at 920. (footnotes omitted)(emphasis added).

¶8. Pursuant to *Lowicki*, the chancery court's denial of Donald's motion to modify was not a money judgment; and therefore, statutory damages should not be assessed against that portion of the judgment. However, the $9,000 in attorney's fees awarded to Sara in the present case constitutes a money judgment for the purposes of Miss. Code Ann. § 11-3-23 (1991). "The award of statutory damages in cases within its scope is 'mandatory not discretionary.' *Chrismond v. Chrismond*, 213 Miss. 189, 193, 56 So.2d 482 (1952); *Hart v. Catoe*, 393 So.2d 1346, 1347 (Miss.1981). If the case fits the statute and if the successful appellee so requests, the statutory damages must be awarded." *Lowicki*, 429 So.2d at 919. We therefore award Sara statutory damages to be assessed against the $9,000 award of attorney's fees.

### III. CONCLUSION

¶9. With the exception of the $9,000 attorney's fees award, the decision of the chancery court does not constitute a money judgment for the purposes of Miss. Code Ann. § 11-3-23 (1991). Therefore, statutory damages should not be assessed against the portion of the judgment denying Donald's motion to modify, and we affirm that part of judgment of the Court of Appeals. However, the $9,000 attorney's fee award does constitute a money judgment. This Court therefore reverses that part of the judgment of the Court of Appeals and awards Sara statutory damages to be assessed against the $9,000 award of attorney's fees.

¶10. **AFFIRMED IN PART AND REVERSED IN PART.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**