SMITH, Justice,
dissenting:
¶ 9.1 dissent because the majority bases its opinion on an issue not raised in the briefs nor even argued to the trial court. This Court does not address issues not raised by the appellant in his brief. See M.R.A.P. 28(a)(3); Greenlee v. Mitchell, 607 So.2d 97 (Miss.1992); R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017 (Miss. 1990); Wood v. Gulf States Capital Corp., 217 So.2d 257 (Miss.1968); Richardson v. Stokes, 254 Miss. 71, 180 So.2d 153 (1965); Chrismond v. Chrismond, 213 Miss. 189, 56 So.2d 482 (1952); E.L. Bruce Co. v. Brogan, 175 Miss. 208, 166 So. 350 (1936). All the record reveals is that Calhoun filed Interrogatories and Requests for Admissions along with the Complaint. Interrogatory # 3 and # 13 specifically address the issue of insurance carried by the School. Calhoun’s Request for Production of Documents # 2 calls for all policies of insurance carried by the School. However, Calhoun never argued that liability insurance waived sovereign immunity to the trial court, nor did she raise the issue in her briefs to this Court.
¶ 10. Finally, in the recent case of Foster v. Noel, 715 So.2d 174 (Miss.1998), this Court held that slander per se was “irrelevant for present purposes because that issue — that tort — is not before this Court,” because “Noel (plaintiff) sued Ya-zoo City for false arrest, not slander or any ... other torts.” Id. at 179 (emphasis added). The same logic applies in the case sub judice. For whatever reason, Calhoun chose not to make the argument either to the trial court or to this Court that liability insurance waived sovereign immunity. Therefore, in accord with our case precedent and our rule of appellate procedure, the issue of liability insurance waiving sovereign immunity is not before this Court, and thus, should not be considered on appeal.
¶ 11.1 respectfully dissent.